## O'FALLON, EX'R. OF DELANY vs. KERR.

1. To make liable the assignor of a note not negotiable, payable on demand, suit must be instituted at the first term of the court after the execution of the note—it being due as soon as made.

2. The assignee by deferring the demand cannot hold the assignor liable.

3. Where the makers were able to pay one third the note, a failure to sue them exempts the assignor.

## ERROR to St. Louis Court of Common Pleas.

GAMBLE & BATES, *for Plaintiff, insist:*

1st. The note being a common note, not negotiable, payable at no particular day, but *on demand*, no action could arise upon it, until demand made.

2nd. As between the makers and the payee, the credit may be indefinite, without impairing the obligation to pay; and the contract of the assignor is only accessory to, and consequential upon the note, and must follow its nature, and share its fate.

3rd. The assignment in this case, (the object and design of it being fully explained in the testimony,) is a mere security for the debt; and a security is not discharged by a failure to demand payment or bring suit. See 8 Mo. Rep., 318, Marks vs. Bank of Mo.

4th. The note, bearing interest at 10 per cent. and no day fixed for payment, and the endorsement not being in the course of trade, but for the drawee's accommodation only—i. e. as a security—the holder was warranted in treating it as an investment of capital, to be continued as long as he pleased, and to be determined only by his demand of payment.

SPALDING *for Defendant in error, insists:*

1st. The defendant was not liable on the note sued on, 'till due diligence used against the makers by suit, or proof that such suit would have been unavailing, and due diligence was not used, nor is there proof of such facts as dispense with the same. See Statute on Bonds and Notes. 4 Peters, 366; 3 Dana., 596; 3 A. K. Marshall, 59; 3 Bibb, 6; 1 Bibb, 542; 2 Marshall, 255; 2 Peters, 338.

2nd. The note was due at once without demand and an action lies immediately against the maker, (13 Mass. Rep., 131, 137; 2 McCord, 246; 3 Wend., 213; 8 John., 189, 374; Chitty on Bills, and Story on promissory notes) and the same diligence was necessary on it, as on any other note when due. R. C., 1835, p. 105, § 9; 7 Mo. Rep., 417; 9 Dana. Rep., 45.

3rd. The requisite diligence was also due by the law Merchant on notes endorsed after due. 2 McCord, 398; 8 Serg. & R., 351; 1 McCord, 199; 9 John. Rep., 121.

4th. By the law merchant the endorsers of notes payable on demand were discharged, unless they were presented for payment in a reasonable time. Bailey on Bills, 221; ib., 135; 13 Mass. Rep., 131; 1 Cowen, 397; 2 Mason, 241; Chitty on Bills, 410, 412, 418; Story on Bills, § 325; 8th Greenleaf, 198; Story on Prom. notes, sec. 207.

5th. The judgment is right on the whole. This note could not have been evidence on the money counts, 2nd Bibb, 424; and there could be no recovery on the special count, or if there had been, judgment would have been arrested. 7 Mo. Rep., 266.

NAPTON, J., *delivered the opinion of the Court.*

This was an action of assumpsit brought by Delaney in his life time against Matthew Kerr, upon the following note :

"$2080 01. St. Louis, August 17, 1842. On demand we promise to, pay to M. Kerr or order, two thousand and eighty dollars and one cent, without defalcation or discount, and for value received, with interest from date at the rate of ten per cent per annum. J. & A. Kerr." It was assigned in the following words : "Pay to D. Delaney. Matthew Kerr."

On the trial the plaintiff proved a demand upon Beverly Allen, the assignee of Augustus Kerr, serviving partner of the firm of J. & A. Kerr, on the 15th July, 1844, and a notice to Matthew Kerr, on the following day. It appeared, that all the parties resided in St. Louis—that J. & A. Kerr were in merchantile business, and in excellent credit up to the death of J. Kerr, which took place in December 1843—that Matthew Kerr was the uncle of J. & A. Kerr, not engaged in any business, but was a mere accommodation endorser. No doubt was entertained, but that J. & A. Kerr would have paid the note, if it had been presented at any time before J. Kerr's death. At that time it was discovered that they were largely insolvent, and their assets would pay about 33 1-3 per cent. John Kerr's estate would not pay 3 per cent.

On this state of facts, the court, (to whom the case was submitted) was of opinion, that the plaintiff could not recover. A motion for a new trial was made and overruled.

The only question presented by the record, is whether the facts in proof made out a case of sufficient diligence on the part of the holder against the makers of the note, to authorize a recovery against the assignor.—The note is not so framed as to be a negotiable note within the meaning of our statute. The rights of the parties to the instrument have therefore to be regulated by our act concerning bonds and notes. The sixth section of that act declares that an action can be maintained by an assignee against an assignor, *only* where due diligence has been used in prosecuting a suit against the maker, or when the insolvency or non-residence of the maker renders such a suit unnecessary or unavailing.—Has due diligence been used in this case?

This note is payable on demand. It is conceded and all the authorities concur, that a note payable on demand is due immediately, that is, is payable on presentment—and suit may be instituted the day after the note is given. Easton vs. McAlister, adm'r., 1 Mo. Rep., 662. But it is

argued by the plaintiff in error, that the holder may postpone a demand so long as he chooses, and the contract is not affected thereby; that the assignor is a mere security, and as such his liability is coextensive with that of his principal. This argument seems to proceed rather from a knowledge of the character and probable intentions of the parties to this note as inferred from the evidence on the record, than from any legal deductions drawn from the form of the instrument. A sufficient answer to such arguments is, that the law cannot be dispensed with to avoid the hardships of a particular case, and if a capitalist chooses to invest his money on such notes as these, he must be presumed to know the regulations which the legislature have prescribed for their interpretation. Here is a note given by J. & A. Kerr to Matthew Kerr, and assigned by Matthew Kerr to Dennis Delaney. Who that had ever read our statute book would suppose that such a note was given by the merchantile house of J. & A. Kerr, for money borrowed of Delaney, and was designed by the latter as a mere investment of money at interest, with M. Kerr for security? This, it is probable from the evidence, is so, but if such forms are adopted, with a view to the securityship of the assignor, it is apparent that they do not answer the object designed. The assignor is not a security, except *sub modo*. He is only responsible on a contingency.— Those who purchase such paper, look to the ability of the makers, if they suffer it to lie until after due. The holder cannot by deferring to make a demand for years, still hold the assignor responsible.

In the case of Collins vs. Warburton & Risley, (3 Mo. Rep., 203,) the declaration set out a suit, instituted against the maker of the note, eight months after the note became due; and this was not considered due diligence. The court said: "In this case we think the declaration defective in not averring that the suit was instituted *at the first term of the court after the note became due*, or showing some excuse therefor." In the case of Harris vs. Harman, (3 Mo. R., 450,) there was evidence to show, that the makers of the note were solvent and able to pay at the date of the assignment, and had so continued up to the time the suit was instituted against the assignor. The court directed a verdict for the defendants, if the jury believe the facts to be so.

In the case now under consideration, the note was due nearly two years before this suit was commenced, and for sixteen months after the note was due, the makers were able to pay and no demand was made or suit commenced against them. Nor has the administrator of John Kerr been sued, though his estate would, according to the evidence, pay a small dividend; nor the assignee of J. & A. Kerr, though the assets of

that firm will pay 33 1-3 per cent. Under these circumstances, we are of opinion no diligence has been shown, and the plaintiff cannot recover.

The other Judges concurring, the judgment is affirmed.