SCHOOLING v. THE ST. LOUIS, KANSAS CITY & NORTHERN RAIL-WAY COMPANY, *Appellant.*

1.  **Judgment** for plaintiff reversed because the evidence wholly fails to establish material allegations of the petition.

2.  **Railroad**: LIABILITY FOR KILLING OF CATTLE AT DEPOT. A railroad company is not responsible for cattle attracted to a depot by hay loaded on its cars and killed there by a train, provided the cars are not allowed to stand on the track an unreasonable length of time. It would be otherwise if they were attracted by hay scattered on the track in loading, and left there.

*Appeal from Sturgeon Court of Common Pleas.*—HON. G. H. BURCKHARTT, Judge.

REVERSED.

*Wells H. Blodgett* for appellant.

*F. T. Jarman* for respondent.

NORTON, J.—This action was brought to recover the value of a certain cow, alleged to be the property of the plaintiff, and to have been killed by defendant's cars on or about the 26th day of February, 1876, near its depot at its station known as Sturgeon, Boone county.

The cause being tried, plaintiff obtained judgment,

from which defendant has prosecuted his appeal to this court, and seeks a reversal on the ground that the court erred in refusing to instruct the jury that upon the pleadings and evidence the plaintiff could not recover, and in giving the following instruction for plaintiff: "If the jury believe from the evidence that defendant left hay on the side-track of their road for several days in succession previous to and up to the time of the killing of plaintiff's cow, and that said cow was enticed on said track by said hay, then defendant was guilty of negligence, and they should find for plaintiff."

Plaintiff based his right to recover on the following allegations in the petition: "Plaintiff further states, that while aforesaid defendant was running its cars over said track, and transacting business as a common carrier, under the aforesaid name and style, it did carelessly and negligently run over, cripple and kill one cow, the property of plaintiff, said negligence consisting of the said company leaving hay standing upon the said track belonging to said company for several days in succession, thereby enticing said cow upon said track, thereby being the immediate cause of said cow's death."

We are satisfied from a careful examination of the evidence offered on the trial that it wholly failed to establish the allegation relied upon for a recovery. The evidence tended to show that the cow in question was killed at Sturgeon, a station on defendant's road, at which place defendant received and shipped hay, as it was bound to do when offered for transportation. *Levering v. Union Trust & Ins Co.*, 42 Mo. 88; Angel on Carriers, § 123. There was no evidence that hay was left strewn on the track of defendant's road. There was evidence that the hay received by defendant was loaded into its cars and the cars then loaded, were left standing on the track not "for several days in succession," as alleged, but when loaded were dispatched on the same day they were loaded. There was no evidence tending to show that "hay was left standing on

the track several days in succession," nor was there any evidence that the cow in question was enticed thereby to the track of plaintiff, or was killed at a place where hay was left standing loaded in the cars.

It having been held in the case of *Lloyd v. Pac. R. R. Co.*, 49 Mo. 199, that defendant could not lawfully fence up its depot to the exclusion of the public, negligence cannot be imputed to defendant for receiving hay, and loading it in its cars, when such cars are dispatched within a reasonable time. If the evidence had tended to show that the cars when loaded had been left standing, as charged, for several days in succession, and tended also to show that plaintiff's cow had been killed at that place, we would not interfere with the judgment, but it does not tend to show either of these things, and we are, therefore, of the opinion that the court erred in refusing to give defendant's instruction and in giving plaintiff's. The case as made by the evidence is wholly unlike the case of *Crafton v. Hann. & St. Jo. R. R. Co.*, 55 Mo. 580. In that case the defendant, in unloading salt from its cars, negligently spilled it on the track of its road, and negligently left it there, so that it attracted cattle, and the cow of plaintiff was found dead near the salt thus negligently left on the track. Had the evidence in this case tended to show that defendant so negligently loaded the hay in their cars as to scatter it on the track and negligently left it there, whereby cattle were attracted to it and plaintiff's cow was killed at such place, the cases would be analogous. Judgment reversed.