CHARLES APITZ, Respondent, *v.* THE MISSOURI PACIFIC RY. CO., Appellant.

### April 13, 1885.

1. JUSTICES' COURTS—SUFFICIENCY OF STATEMENT.—In a suit before a justice it is only necessary that the petition contain "a statement of the facts constituting the cause of action upon which the suit is founded." No formal pleadings are necessary.—Section 2851 of Revised Statutes of Mo., 1879.

2. SAME—PLEADING AN ORDINANCE—WHAT SHOULD BE SET OUT—In pleading an ordinance it is not necessary to set out its title, the date of its passage, or a copy of it; it is only necessary to set out its substance.—Following *City of Kansas* v. *Johnson*, 78 Mo. 665.

3. Pleading Private Act—How it Must be Done—Charter of Mob-
    erly.—The charter of the city of Moberly is a private act of which
    the courts of this state cannot take judicial notice, and which
    must be both pleaded and proved, unless it be pleaded by its title
    with reference to the date of its passage. ·

4. Negligence—Owners of Stock—Not Required to Keep them
    Enclosed in this State, as to Railroads.—Whatever may be
    the law elsewhere, the law in this state has been settled, ever
    since the case of *Gorman* v. *R. R.* (23 Mo. 444), that it is not negli-
    gence on the part of the owners of stock to let them run at large
    in the vicinity of railroad tracks. That there is no duty on the
    part of owners of stock in this state to keep them enclosed. And
    this has been held, not because the railroad tracks were not dan-
    gerous, but it was, nevertheless, not negligence on the part of the
    owner of stock to let them run out in the vicinity of a railroad
    track, and he cannot, therefore, in such case, be held as guilty of
    contributory negligence, or of any negligence.

Appeal from Randolph Circuit Court, Hon. G. H.
Burckhartt, Judge.

*Reversed and remanded.*

Statement of the case by the court.

This case originated before a justice of the peace.

Omitting the caption, the statement or . petition is as
follows: "Plaintiff states that defendant is now and
was at the time hereinafter mentioned, a railroad corpora-
tion duly organized under the laws of the state of
Missouri, and as such was running, controlling, and
operating a certain line of railroad, known as the Missouri
Pacific Railroad, extending into and through the city of
Moberly in Sugar creek township, Randolph county, Mis-
souri. That on the ... day of ...., 1882, there was in force
an ordinance of said city of Moberly, prohibiting any rail-
road company having ownership or control of any loco-
motive or railroad car running within the corporate
limits of the city of Moberly, Missouri, by its agents or
employes or otherwise, from permitting said locomotive,
engine, or railroad car to be run at a greater rate of speed
than six miles per hour. That on the aforesaid day there
was also an ordinance of said city of Moberly in force
requiring any railroad company having the ownership or

control of any locomotive engine or railroad car running within the corporate limits of said city, to have the bell of said locomotive engine rung at frequent intervals while passing through the territory included within said corporate limits, and particularly while within forty rods of any public crossing. That defendant on said .... day of ......, 1882, while running a locomotive engine, and cars thereto attached, on the line of said railroad within the corporate limits of said city of Moberly at a greater rate of speed than six miles per hour, and within forty rods of the public crossing, without ringing any bell, and in violation of the aforesaid ordinance of said city of Moberly, carelessly and negligently run against and over one cow of the value of sixty dollars and the property of the plaintiff. Plaintiff states that plaintiff's cow was run over and killed by defendant's agents and employes while running and operating its locomotive engine, and cars thereto attached, in consequence of the carelessness and negligence of defendant in failing to ring its bell as aforesaid, and in consequence of running at a greater rate of speed than six miles per hour. Plaintiff states that by reason of the aforesaid premises he has been damaged, etc."

Judgment by default was rendered by the justice of the peace against the defendant, which appealed to the circuit court. In the circuit court the plaintiff offered in evidence "a book purporting to contain the printed ordinance of the city of Moberly." To the introduction of this book in evidence the defendant objected, because it (the petition) "does not state facts sufficient to constitute any cause of action, and second, because the ordinance was not sufficiently pleaded, and was not pleaded by its title. And because the book offered in evidence is not authenticated." These objections were overruled by the court, and the "book," containing the ordinances pleaded, was read in evidence. These ordinances are not in the transcript of the record of this case.

The plaintiff introduced evidence that his cow was killed in the corporate limits of the city of Moberly. One

of plaintiff's witnesses testified that the train of defendant was going at a speed of eight or ten miles per hour, and that when the train started, the cow was behind a box car on the track adjoining the track on which the train was, and as the train got near to her, she started from behind the car across the track and was struck just before she got across. The bell was not rung nor the whistle sounded until the cow was struck." There was other evidence to the same general effect. The evidence showed that the cow was killed in the switch yards of defendant and of the Wabash Railway Company, where all the switching for both roads was done; and where there were a great many tracks, fifteen or sixteen in number, and where there were a great many trains passing at all times during the day.

Plaintiff testified, among other things, "I turned my cow out and let her run out. I live near by these yards and know trains are passing and making up there all the time, and that there are a great many tracks there used for that purpose." The act of the general assembly incorporating the city of Moberly, or in other words, the charter of said city, was not introduced in evidence.

The defendant introduced no evidence.

Upon behalf of the plaintiff, the court instructed the jury as follows:

"1. The court instructs the jury that under the charter and ordinance of the city of Moberly, it was the duty of defendant to so run and manage its locomotives and cars that they will not exceed in speed, within the corporate limits of said city, six miles per hour, and to ring the bell at intervals while passing through said city. If the jury find from the evidence that the train of defendant was running at a greater rate of speed than six miles per hour, or failed to ring its bell at intervals while in said city limits, and further find that such failure to run at six miles per hour or less, or to ring its bell, was the cause of plaintiff's cow being run over and injured, then plaintiff is entitled to recover, and the fact of plaintiff's cow running on the commons is no defence to this action.

"2. If the jury believe from the evidence that the cow in question was the property of plaintiff, and was on or about the day named in plaintiff's petition, run over and killed or injured in the corporate limits of the city of Moberly and further believe there was at said time and place an ordinance in force in said city of Moberly, prohibiting the running of trains at a greater rate of speed than six miles per hour, and that defendant was, by its employes, at the time of such killing or injuring, running said train at a greater rate of speed than six miles per hour, and further find that the running of said train at said greater rate of speed was the direct cause of the injury to plaintiff's cow, then plaintiff can recover, etc."

The following instructions asked by defendant were refused:

"1. The court instructs the jury that under the pleadings and evidence, the plaintiff is not entitled to recover.

"2. The jury are instructed that if the plaintiff, with a knowledge of the dangerous surroundings, turned his cow out and permitted her to wander around upon the yards of the defendant and the Wabash Railway Company, and that she was so killed in said yards, the jury must find for the defendant."

The jury found for the plaintiff. The defendant has brought the case to this court by appeal.

SMITH & KRAUTHOFF with THOMAS J. PORTIS, for the appellant.

I. The petition does not state facts sufficient to constitute a cause of action. It disclosed that the cow sued for was killed within the corporate limits of the city of Moberly. The defendant can, therefore, only be held liable by proof of actual negligence causing such injury. —*Wallace* v. *R. R.*, 74 Mo. 594. This element is attempted to be supplied by reciting the enactment of two ordinances by said city, regulating speed and requiring ringing of bell, and averring a violation thereof. Neither the title, date of passage, nor copy of said ordinances is found in the petition. The court cannot take judicial notice of such ordinances, but they must be pleaded.—

*Mooney* v. *Kennett*, 19 Mo. 551; *State* v. *Oldie*, 42 Mo. 210.

II. There is nothing in the record to show that Moberly had any authority to pass the ordinances, since the charter of said city was not introduced.  Courts cannot take judicial cognizance of charters incorporating cities as they do of public statutes; and the act of incorporation does not declare it to be a public act.—*Butler* v. *Robinson*, 75 Mo. 192; *Hopkins* v. *R. R.*, 29 Mo. 98; *State* v. *Crumb*, 68 Mo. 296.

III. The instructions of plaintiff should have been refused and those of defendant given.   There is no evidence that the rate of speed and failure to ring bell were the cause of injury.—*Braxton* v. *R. R.*, 77 Mo. 455; *Wallace* v. *R. R. Co.*, 74 Mo. 594.  It was erroneous to declare to the jury, in effect, that there was no evidence of *contributory negligence* by plaintiff in this case.—*Herrenstein* v. *R. R. Co.*, 55 Mo. 33; *Railway Co.* v. *Goss*, 17 Wis. 828; *Walden* v. *R. R.*, 35 Me. 422; *Marsh* v. *R. R.*, 14 Barb. 364.

IV. Where the action is based upon the negligence of defendant, negligence on the plaintiff's part will defeat a recovery.— *Wallace* v. *R. R. Co.*, 74 Mo. 594; *Jones v. R. R.* 42 Wis. 306; *R. R.* v. *Adams*, 43 Ind. 492; *R. R.* v. *Foster*, 63 Ind. 342.

V. The defendant could not lawfully fence its road in the city of Moberly.  It can, therefore, only be made liable on the theory of negligence.   And if the plaintiff was also negligent, there can be no recovery.—*R. R.* v. *Phelps*, 29 Ill. 447; *R. R.* v. *Goodwin*, 30 Ill. 117; *Smith* v. *R. R.*, 34 Iowa 506.   In the light of the evidence and these authorities it was certainly error to instruct "that there was no evidence of contributory negligence on the part of plaintiff."

No brief on file for respondent.

Opinion by HALL, J.

I.

The objection to the introduction of the "book" offered in evidence was properly overruled.

The petition in this case was sufficient. This action originated before a justice of the peace, in whose court no formal pleadings were necessary. It was only necessary for the petition to contain "a statement of the facts constituting the cause of action upon which the suit is founded."—Section 2851 of Revised Statutes.

In the case of the *City of Kansas* v. *Johnson* (78 Mo. 665), instituted before a justice of the peace by plaintiff for the recovery of a merchant tax for the year 1878, due from defendant, the petition contained the allegations "that the said city, by its mayor and common council duly assessed and levied on the wares and merchandise of said defendant, a merchant's license tax for the year 1878, of $224. * * " These allegations were held sufficient to authorize the introduction in evidence of the ordinance of said city levying the said tax. In that case Judge Norton, delivering the opinion of the court, says: "It will be observed that this suit was commenced before a justice of the peace, and in such cases the statement is sufficient if it advises the defendant of the nature of the demand against him." But in this case the ordinances of the city of Moberly have been sufficiently pleaded, according to the strict and technical rule of pleading. In pleading an ordinance it is not necessary to set out its title, the date of its passage or a copy of it, as contended for by defendant. In pleading an ordinance it is only necessary to set out its substance, and this has been done in this case. The authorities cited by defendant to sustain its position on this point do not sustain that position. In the case of *The State of Missouri ex rel.* v. *Odle et al.* (42 Mo. 214), the court say: "There is no doubt that where the party asserts a right founded upon such ordinances, the pleading must set them forth in whole or in *substance*."

In *Mooney* v. *Kennett* (10 Mo. 555), the other case cited by defendant, the court says: "The courts of the state do not take judicial notice of the ordinances of any town or city. The defendant must set forth his justification in his answer. If he relies upon the ordinances of

the city, he should set out so much of them as may be necessary for his defence that the plaintiff may know on what he relies. It is obvious that the 8th section of article 7 of the practice act does not affect the matter, as it relates only to the private acts of the General Assembly." So far from sustaining the position contended for by defendant, these authorities, just quoted from, fully sustain the opinion just expressed by us, that in pleading an ordinance it is only necessary to set out the substance of the ordinance.

The ordinances in this case, then, are well pleaded, and this case originating before a justice of the peace, the averments of the petition, "that there *was in force* an ordinance," etc., and "that on the aforesaid day there *was also an ordinance* of said city of Moberly *in force,*" etc., sufficiently allege the power of the city of Moberly to enact the said ordinances. From the averment that the ordinances were in force, the inference is readily and reasonably drawn that they were enacted by authority competent to enact them; and this being so the petition was a sufficient statement of the cause of action upon which the suit is founded.

But if the act, incorporating the city of Moberly, is a private and not a public law, the courts of this state cannot take judicial notice of its provisions, unless it be pleaded by its title, with reference to the date of its passage.—Sect. 3549 of Revised Statutes ; *State of Missouri ex rel.* v. *Odle et al.*, 42 Mo. 214.

The "book" in evidence was admissible without attestation.—Sect. 2287 of Revised Statutes ; *City of St. Louis* v. *David Foster*, 53 Mo. 513.

## II.

The charter of the city of Moberly is a private and not a public act. The act of the General Assembly, incorporating said city, contains no provision declaring said act to be a public act. And we are constrained to follow the case of *The town of Butler* v. *Robinson* (74 Mo. 192–194), and to hold that the said act is a private act, of which the courts of this state cannot take judicial notice

and which must be both pleaded and proved, unless it be pleaded by its title, with reference to the date of its passage. In this case the act is not so pleaded, and therefore it was necessary to prove it. This was not done. So there was no evidence of the power of the city of Moberly to pass the ordinances in evidence. For this reason the judgment of the circuit court will be reversed and the cause remanded.

### III.

The defendant complains here of the action of the trial court in giving plaintiff's instructions, and in refusing its demurrer to the evidence, because, as it contends, there was no evidence that the alleged excessive rate of speed of its train and its failure to ring the bell were the cause of the injury to plaintiff's cow, and that there was nothing to show, or from which it could be inferred, that she would not have been struck even if the train had been running six miles per hour and if the bell had been ringing; and to sustain its complaint the defendant cites *Braxton* v. *R. R. Co.* (77 Mo. 455); *Wallace* v. *R. R. Co.* (74 Mo. 594). In this case there is something more than the mere negligent action of the defendant and injury to the plaintiff's cow. In this case it does not alone appear that the train was running at an improper rate of speed and that the bell was not being rung, and that the cow was killed, seen by no one, under circumstances known by no one. But it does appear, in this case, that the train of defendant was running at a rate of speed from eight to ten miles per hour, and that the bell was not being rung, and that the cow of plaintiff, when the train got near to her, started from behind the car on an adjacent track where she had been standing, and in attempting to cross the track on which the train was running was struck and killed. In other words, the whole circumstances connected with the accident appear in evidence, and we think that, had there been the necessary evidence of the power of the city of Moberly to pass the ordinances in question, the court properly submitted to the jury the question, whether or not the

negligent violation of said ordinances caused the injury complained of to plaintiff's cow.—*Turner* v. *R. R. Co.*, 78 Mo. 580, 581.

## IV.

The defendant further complains here of the refusal of the trial court to give the 2nd instruction asked by it. To sustain its position, that it was negligence on the part of the plaintiff, with a knowledge of the dangerous surroundings and character of the switch yards in evidence, to turn his cow out and to let her run at large, the defendant has cited a long list of authorities, all of other states, except only the case of *Wallace* v. *R. R. Co.* (74 Mo. 594–597), which case is not in point. Whatever may be the law elsewhere, the law in this state has been settled ever since the case of *Gorman* v. *R. R. Co.* (26 Mo. 444), that it is not negligence on the part of the owners of stock to let them run at large in the vicinity of railroad tracks; that there is no duty on the part of the owners of stock in this state to keep them enclosed. And this has been held, not because the railroad tracks in the case above named, and in those cases in which that case has been followed were not dangerous, for in all these cases it was urged that the railroad tracks were dangerous as the ground of negligence on the part of the owners of the stock, and the court in passing upon those cases treated the tracks as places of danger. But the proposition was plainly and clearly stated that it was not negligence on the part of owners of stock to let them run out in the vicinity of a railroad track. This proposition was boldly stated, without any qualifications. The fact that the track was a single track was not considered. To the fact that the track was not very near to the premises of the owner of the stock, no weight was given.

We can see no difference in principle between this case and the cases of *Gorman* v. *R. R. Co.* (*supra*); *Tarwater* v. *R. R. Co.* (42 Mo. 196); *R. R. Co.* v. *Kenney* (41 Mo. 274); and *Bradford* v. *Floyd*, Sup. Court of Mo., not yet reported. In *Turner* v. *R. R. Co.* (78 Mo. 580), it is decided that "it is well settled in this state that the

owner of cattle is guilty of no negligence in permitting his stock to run at large, whether in the vicinity of a railroad track or remote from one." That is, that there is no duty resting upon the owner of stock to keep them enclosed, and, consequently, in turning the stock out the owner is not negligent. As in the case last cited, the distance of the railroad track from the premises of the owner of the stock is held to be unimportant, so in this case we cannot see any importance in the great number of the railroad tracks. It is not the *degree* of danger possessed by the railroad tracks that makes the act of the owner of the stock negligence. If the act of the owner of the stock be not in violation of any duty imposed upon him, his act can not be negligent. As the act of the plaintiff in this case violated no duty imposed upon him, we can not see how his act can be negligent.

The judgment of the circuit court is reversed and the cause remanded. All concur.