IRA G. HARLAN, Respondent, v. THE WABASH, ST. LOUIS & PACIFIC RY. Co., Appellant.

### Kansas City Court of Appeals, June 15, 1885.

1. PLEADING—EFFECT OF, AS TO PRIVATE ACTS.—The charter of Kirksville is a private act, but it was pleaded by its title and date of passage. Being so pleaded the court had to take judicial notice of its provisions; it was not necessary, therefore, for the plaintiff to introduce it in evidence. Following *State ex rel, etc., v. Odle*, 42 Mo. 212; *Apitz v. R. R. Co.*, 17 Mo. App. 419.

2. NEGLIGENCE—CASE ADJUDGED.—It was not negligence on the part of the defendant to leave a car, loaded with hay in the afternoon, on the side track during the following night. This did not constitute negligence. *Schooling v. R. R. Co.*, 75 Mo. 519.

3. ——— RUNNING TRAIN AT PROHIBITED RATE.—It is not enough to constitute negligence, that the speed of a running train should be greater than the prohibited rate, unless it also appears that such illegal and negligent speed was the cause of the injury complained of. *Holman v. R. R. Co.*, 62 Mo. 562.

APPEAL from Adair Circuit Court, HON. ANDREW ELLISON, J.

*Reversed.*

Statement of case by the court.

This suit was brought to recover the value of a certain cow, alleged to have been the property of plaintiff, and to have been killed by defendant's cars, on or about the 4th day of November, 1881, in the town of Kirksville, in Benton township, in Adair county.

The statement contained three counts. The first count was based on the negligence and carelessness of defendant's agents and servants in running and managing a certain one of its trains of cars and locomotive. The second count was based upon the alleged negligence and carelessness of defendant's servants and agents in leaving a car load of hay on its switch or side track, within a few feet of the main track, in the limits of said town of Kirksville, for the space of twenty-four hours;

and upon the reckless speed at which defendant's train of cars was run. The third count was based upon the charter of the town of Kirksville, pleaded by its title and date of passage, and an ordinance enacted in pursuance thereof, prohibiting the running of railroad cars within the corporate limits of Kirksville at a faster speed than five miles per hour.

The charter of Kirksville was not read in evidence, but the ordinance pleaded was introduced in evidence. The cow was killed by a passenger train of defendant at 9 o'clock on the night of November 4, 1881. In the afternoon of that day a car load of baled hay had been placed on defendant's side track, in Kirksville, near its main track. In the language of plaintiff's witness, Piersee, "the hay had been loaded for shipping, and put there that afternoon." Just before dark plaintiff's cow, in company with other cows, was seen eating hay off the car. The evidence does not expressly show, but the inference is to be drawn from the evidence, that the cow was run over and killed on defendant's track at or near where the car loaded with hay was standing. As to the circumstances of the killing, plaintiff had two witnesses, and any fact further than just narrated is not evidenced by testimony at all satisfactory. Neither witness said positively that no signal was given by defendant. Both witnesses were out of sight of the train; one was in his house, the other was in his shop; it was nine o'clock at night; and yet they both undertook and did swear that the train, which they could not see, and could only hear, was running at the rate of more than five miles per hour when it struck the plaintiff's cow. This evidence is extremely unsatisfactory. Whether a verdict supported alone by such evidence should be permitted to stand it was not necessary for us to determine in this case, and so we do not decide. No witness saw the killing. Just how it happened no one testified. What caused it was not in evidence. Judgment was rendered against the defendant, and it has appealed therefrom to this court.

GEO. S. GROVER, for the appellant.

I.   As the record does not show that the animal was killed in Benton township, the justice had no jurisdiction of the cause, and the circuit court acquired none by appeal.   This was a jurisdictional fact, and the failure to establish it bars recovery.   *State v. Metzger*, 26 Mo. 65; *Iba v. R. R.*, 45 Mo. 469; *Barnett v. R. R.*, 68 Mo. 56; *Malson v. R. R.*, Sup. Ct. Mo., not reported.

II.   It was not proved that plaintiff was either the owner or in possession of the cow sued for.   The court was powerless to supply this omission.   For this reason the jury should have been directed to find for the defendant.   *Alexander v. R. R.*, 76 Mo. 494.

III.   The ordinance read in evidence was inadmissible.   A private act incorporating the town of Kirksville was pleaded, but it was not offered in evidence.   The court cannot take judicial notice of such charter, and without proof of it, plaintiff is not entitled to recover. *Town of Butler v. Robinson*, 75 Mo. 192.

IV.   The demurrer to evidence should have been sustained.   There was an entire failure of proof as to any negligence in the management of the train.   *Wallace v. R. R. Co.*, 74 Mo. 597.   The leaving of the hay upon the track temporarily was not negligence.   *Levering v. Trust Co.*, 42 Mo. 88; *Schouling v. R. R.*, 75 Mo. 518. There is no evidence to show that the cow was killed in consequence of the speed of the train.   *Holman v. R. R.*, 62 Mo. 562.


F. M. HARRINGTON, for the respondent.

I.   The act incorporating Kirksville was properly pleaded, and it was not necessary to offer it in evidence. Sects. 3549 and 3550, Rev. Stat. Mo.; *State ex. rel., etc., v. Sherman*, 42 Mo. 210.

II.   The defendant was guilty of negligence in placing the hay where it was, and leaving it there, and the evidence shows that cattle were attracted by it, and that the cow was killed at night of that day.   *Crafton v. Hannibal & St. Jo. R. R. Co.*, 55 Mo. 580; *C. & A. R. R. Co. v. Pondron*, 51 Ill. 334; Jones on Bailments 20.

III.   The instructions given in the cause were proper and must be taken together. The existence of negligence is a question of fact for the jury.   What facts and circumstances, being proven, amount to evidence of negligence or tend to prove it, is a question of law.   The plaintiff's *first* instruction predicated the injury by killing on the illegal speed of the train.   Here was a fact to be passed upon by the jury.   The question is not, in this case, a matter of law, on which the court should pass, but whether the instruction complained of is calculated to mslead the jury.   i

IV.   The court did not err in refusing defendant's instructions ; and the judgment is for the right party, and ought not to be disturbed.   Sect. 3775, Rev. Stat. Mo., 1879.

Opinion by HALL, J.

1.   The charter of Kirksville is a private act, but it was pleaded by its title and date of passage.   Being so pleaded, the court had to take judicial notice of its provisions.   It was not necessary, therefore, for the plaintiff to introduce it in evidence.   Section 3549 of Revised Statutes; *State ex rel. v. Odle et al.*, 42 Mo. 212; *Apitz v. R. R. Co.*, 17 Mo. App. 419.

2.   It was not negligence on the part of defendant to leave the car, loaded with hay in the afternoon, on the side track during the following night.   The evidence on this point shows the loading of the hay in the afternoon and the leaving of the loaded car on the side track during the following night.   This did not constitute negligence. *Schooling v. The St. Louis, Kansas City and Northern Railway Company*, 75 Mo. 519.

3.   The only negligence, shown by the evidence to have been committed by the defendant in running its train, was in running said train within the limits of Kirksville at a rate of speed greater than five miles per hour.   But whether such illegal and negligent speed was the cause of the cow being killed, there was absolutely no evidence.   There was no evidence from which it could have been inferred that said illegal speed was the cause

of the cow's death.   As to how the cow was killed there was no evidence.   The circumstances under which the cow was killed were not in proof.   No one seems to have seen the cow killed.   As to this point, this case is within the rule laid down by the supreme court ih the cases of *Holman v. R. R. Co.* (62 Mo. 562), and *Stoneman v. R. R. Co.* (58 Mo. 503).   There is nothing in this case to bring it within the rule established in the cases of *Goodwin v. R. R. Co.* (75 Mo. 75;) *Alexander v. R. R. Co.* (76 Mo. 497), and *Turner v. R. R. Co.* (79 Mo. 580), and followed by this court in the case of *Apitz v. R. R. Co.*, *supra.*

There was no evidence of any other negligence on the part of defendant.

For these reasons, the circuit court should, as asked by defendant, have instructed the jury to find for defendant.

The judgment of the circuit court is reversed.   Judge Philips concurs.   Judge Ellison does not sit, having been of counsel for defendant.