CITY OF MEXICO TO USE OF COLLECTOR, Appellant, v. B. R. CAUTHORN, EXECUTOR OF ESTATE OF DANIEL CORKER, DECEASED, Respondent.

25  285
85  348

### Kansas City Court of Appeals, March 28, 1887.

1. PRACTICE—PLEADING—PRIVATE STATUTES.—"In pleading a private statute, or a right derived therefrom, it shall be sufficient to refer to such statute by its title, and the day of its passage, and the court shall thereupon take judicial notice thereof." Rev. Stat., sect. 3549.

2. TAXES—NECESSITY OF PROOF OF LEVY.—Where the record does not disclose any proof of an averment that a tax was *levied*, even though the *assessment* is admitted, there can be no recovery. Without the preliminary act, the city collector, in this case, was not authorized to demand or collect any such tax.

APPEAL from Audrain Circuit Court, HON. ELIJAH ROBINSON, Judge.

*Affirmed.*

The case is stated in the opinion.

W. B. McIntyre, S. W. Buckley, for the appellant.

I.    The authority of the city of Mexico to make the assessment, and levy and collect the tax for which this suit was instituted, is contained in the first clause of section 1, of article 6, of the city charter, and reads as follows: "The city council shall have the power to levy and collect taxes upon all property, real and personal, taxable by law, for state purposes, except such as may be exempt by law, within the limits of the corporation, not to exceed one per cent. upon the assessed value thereof, in manner to be previously provided by ordinance not repugnant to the laws of the state of Missouri, or this act, to defray the contingent and other expenses of the city, not otherwise in said charter provided for."

II.    The money and notes belonging to the estate of said Daniel Corker, deceased, are subject to assessment and taxation at the place of his last domicile. *Stephens, Adm'r, v. Boonville*, 34 Mo. 323; *Corn v. City of Cameron*, 19 Mo. App. 573.

III.    The court clearly erred in refusing the declaration of law asked by plaintiff. Daniel Corker having been a resident of the city of Mexico at the time of his death, and for two years immediately prior thereto, the money and notes in the hands of his executors, and belonging to his estate, are subject to taxation by the city, regardless of where the executor may reside. The appellate courts of this state have so held whenever the question has been squarely presented. Furthermore, such is the doctrine now held by the courts of other states, and by respectable text-writers. This being the only point in question, it is not worth while to argue the case at length. If our position be correct, the city of Mexico is entitled to the amount sued for, and should have had judgment therefor in the circuit court.

MACFARLANE & TRIMBLE, for the respondents.

I.   The petition alleges that the city of Mexico was incorporated under *special* acts of the legislature, and was empowered by said special acts " to levy and *collect taxes upon all property  *  *  *  within the city limits.*" There was no evidence to sustain this allegation of the petition.  There was no evidence offered, tending to prove that the said city had any authority of law whatever to levy or collect taxes upon any property whatever.   The courts cannot take judicial notice of special acts of the legislature, but such enactments, when relied upon for recovery, must be pleaded and proved like any other essential fact in the case.

II.   The petition alleges " that said city, by its assessor, H. O. Smith, *assessed* for the year 1885, the personal property of the estate of said Daniel Corker, deceased, at the sum of twenty-five thousand dollars." This allegation of the petition was admitted to be true upon the trial.  But the petition alleges further, " *that a tax was, by said city of Mexico, duly levied on said assessment, which tax amounts to the sum of one hundred and fifty dollars.*" There was no evidence offered to sustain this essential allegation.  There was no evidence tending to show that the city had ever *levied* any tax on the assessment, and, of course, nothing to show the rate of the levy, nor the amount of taxes, due under the levy. The trial court could not presume, without evidence, that a levy had been made upon the admitted assessment, neither could it find, without evidence, the rate of the levy so as to ascertain the amount of the tax.

III.   Assuming for the purposes of this point that it had been proved on the trial that said city had " the power to levy and collect taxes upon all property, real and personal, taxable by law for state purposes, *within the limits of the city,*" as alleged in the petition, yet it was an undisputed fact that the property here sought to be taxed was both actually and constructively *outside* of

the "city limits." The peculiar wording of the taxing power, as set out in the petition, would seem to exclude all property whose actual situs was *outside* of the corporate limits of the city. The action of the trial court, in refusing the declaration of law asked by plaintiff, if error at all, was a harmless one, because the judgment must have been for the defendant, no matter what view the court took of the question of law presented by that declaration, for the reasons suggested in the first and second points.

McINTIRE & BUCKLEY, *in reply.*

I. In reply to the first point raised by respondent, it may be said that the special act, by virtue of which the city of Mexico is empowered to collect the tax sued for, was properly pleaded by its title and date of passage; therefore, the courts will take judicial notice thereof. Rev. Stat., sect. 3549; *State ex rel. v. Odle*, 42 Mo. 214; *Apitz v. Railroad*, 17 Mo. App. 419; *Harlan v. Railroad*, 18 Mo. App. 483; see also 61 Mo. 259.

II. It is not necessary to *prove the levy.* "The assessment is an indispensable proceeding. * * * When this is done according to law, nothing remains to be done in order to determine the individual liability, but the mere arithmetical process of dividing the sum to be raised among the several subjects of taxation in proportion to the amount which they are respectively assessed." Cooley on Taxation, 258.

III. There was no evidence tending to show an "actual *situs*" of the money and notes in question, nor, indeed, could there be. Some kinds of personal property are justly held to have a *situs* other than the domicile of its owner; but the law defines what shall be regarded as the *situs* of personal property in the form of money and notes. In addition to the authorities already cited on this point, we note "the personal property belonging to the estate of a deceased person is held in Connecticut to be taxable at his last domicile, the repre-

sentatives of the estate not being trustees in the sense of the statute which makes personal property, in the hands of a trustee, taxable in towns where the trustee resides." *Cornwall v. Todd*, 38 Conn. 443.

PHILIPS, P. J.—This is an action to recover from the estate of Daniel Corker, deceased, the sum of one hundred and fifty dollars, alleged to be owing to the city of Mexico, a municipal corporation, as taxes against said estate.

The evidence tended to show, and so the court found, that, at the time of the testator's death, he was domiciled inside the corporate limits of the city of Mexico; he died testate, and Cauthorn became executor of the estate, and, as such, took charge of the assets; Cauthorn was not a resident of the said city; the taxes claimed were assessed for the year 1885, while the estate, consisting of bonds, notes and accounts, were held by the executor, whose residence was outside of the corporation.

The court found the issues for the defendant, and the plaintiff has appealed. The respondent suggests several grounds on which the action of the trial court ought to stand: it is claimed that the petition alleges that the plaintiff city was incorporated under a special act of the legislature, and was empowered to levy and collect taxes within its corporate limits, but that there was no evidence offered at the trial to show that the city had any authority to levy or collect taxes. This objection is not well taken. The practice act (sect. 3549) provides that, "in pleading a private statute, or a right derived therefrom, it shall be sufficient to refer to such statute by its title, and the day of its passage, and the court shall thereupon take judicial notice thereof."

The petition alleges that plaintiff is a municipal corporation, duly organized under, and existing by virtue of, an act of the General Assembly of the state of Mis-

VOL. xxv—19

souri, entitled "An act to revise and amend an act, entitled, 'an act to incorporate the city of Mexico,' approved February 17, 1857, and all acts amendatory thereof and supplementary thereto, and to reduce the same into one act; approved March 27, 1874." The petition then avers that, by virtue of said act of 1874, the city of Mexico was empowered to sue and be sued, plead and be impleaded, defend and be defended, in all courts of law and equity, etc. ; that said city, by virtue of said act of 1874, has "the power to levy and collect taxes upon all property, real and personal, taxable by law for state purposes, within the limits of said city." These averments were clearly sufficient. *Apitz v. Railroad*, 17 Mo. App. 419 ; *Harlan v. Railroad*, 18 Mo. App. 483.

II.   It is next objected that there was no evidence whatever to show that the city authorities ever made any levy of taxes against the property in question. We are of opinion that this objection is well taken. The petition avers that the city assessor assessed, for the year 1885, the personal property of the estate at the sum of twenty-five thousand dollars, and "that a tax was, by said city of Mexico, duly levied on said assessment, which tax amounts to the sum of one hundred and fifty dollars." It was admitted that the assessment was made, but there was no admission as to the truth of the allegation respecting the levying of the tax. This matter stood controverted. The record does not disclose any proof of this material matter. There is nothing whatever, outside of the naked averment of the petition, to show that the city authorities imposed any tax on the property of the estate. Without this preliminary act, the city collector was not authorized to demand or collect any such tax. This is too well settled to require any citation of authorities.

On this state of the record the finding of the court, sitting as a jury, was for the right party, and its judgment must be affirmed. It is so ordered. Ellison, J., concurs ; Hall, J., absent.