W.  P.  KIRBY,  Respondent,  v.  WABASH  RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, November 5, 1900.

1. **Judicial Notice: PUBLIC AND PRIVATE STATUTES: PLEADING AND PROOF: NORTH MISSOURI CHARTER.**  Courts take judicial notice of public statutes but private acts must be specially pleaded and proved; and this applies to the charter of the North-Missouri railroad company and acts amendatory thereof.

2. **Railroads: KILLING STOCK: PLEADING GENERAL DENIAL.** Where the declaration is based on the double damage act for killing stock, a general denial only puts in issue the facts necessary to sustain plaintiff's case, and will not permit proof by way of defense of matters outside such facts.

3. ———: ———: ———: ———: AMENDMENT. The fact that such new matter may be put in evidence without objection will not warrant instructions based thereon unless the pleadings are amended to conform to the evidence.

4. **Appellate Practice:** AMENDMENT: MOTION FOR NEW TRIAL. The appellate court can not review the trial court's action in refusing an amendment of the answer at the trial unless such action is assigned as error in the motion for a new trial.

5. **Evidence:** PRACTICE: HARMLESS ERROR. Where incompetent evidence is admitted but later stricken out by the court, the error is harmless; especially where there is evidence tending to prove the same state of affairs.

Appeal from the Randolph Circuit Court.—*Hon. J. A. Hockaday*, Judge.

AFFIRMED.

*George S. Grover* for appellant.

(1) The opinions expressed by the witnesses were improper and prejudicial. Muff v. Railway, 22 Mo. App. 584. (2) The defendant's evidence was admissible under the first answer—a general denial. Scudder v. Atwood, 55 Mo. App. 512; Madison v. Railway, 60 Mo. App. 608; Bird v. Sellers, 113 Mo. 580. (3) The court below erred in refusing to permit the pleadings to be amended, before final judgment, to conform to the proof. R. S. Mo. 1899, sec. 657; Martin v. Martin, Adm'r, 27 Mo. 227; Callahan v. McMahan, 33 Mo. 114; Archer v. Ins. Co., 43 Mo. 442; Kerr v. Bell, 44 Mo. 124; Crockett v. Transfer Co., 52 Mo. 457; Harkness v. Julian, 53 Mo. 238; Lottman v. Barnett, 62 Mo. 159; Young v. Glascock, 79 Mo. 574; Bennett v. McCanse, 65 Mo. 194; Weber v. City of Hannibal, 83 Mo. 262; Carr v. Moss, 87 Mo. 447; Blair v. Railroad, 89 Mo. 394; Lilly v. Tobbein, 103 Mo. 490; State ex rel. v. Scott,

104 Mo. 34; Harlan v. Moore, 132 Mo. 488; Robertson v. Railway, 21 Mo. App. 633; Norton v. Flake, Adm'r, 36 Mo. App. 698; Sheehan v Sims, 36 Mo. App. 233; Corrigan v. Brady, 38 Mo. App. 649; Wetzell v. Wagoner, 41 Mo. App. 515; Collins v. Glass, 46 Mo. App. 297.

*Jno. N. Hamilton* and *N. T. Gentry* for respondent.

(1) The testimony of plaintiff's witnesses as to the condition of the cattle guard was clearly admissible. All of said witnesses were farmers and livestock men, and the opinions expressed by them were proper evidence for the consideration of the jury. This case is one of the recognized exceptions to the general rule. McPherson v. Railway, 97 Mo. 253; Madden v. Railway, 50 Mo. App. 666; Jefferson v. Life Ass'n, 69 Mo. App. 126; Hoffman v. Railway, 51 Mo. App. 278; Greenl. on Evid. (Redf. Ed.), sec. 440a. (2) The charter of the old North Missouri railroad was not admissible in evidence under the original answer filed; that answer was simply a general denial. Bliss on Code Pld., sec. 352; Hudson v. Railway, 101 Mo. 13; Donovan v. Railway, 89 Mo. 147; Musser v. Adler, 86 Mo. 445; Guinotte v. Ridge, 46 Mo. App. 254; Mfg. Co. v. Ball, 43 Mo. App. 504; Burton v. Railway, 30 Mo. 372; Henderson v. Railway, 81 Mo. 605. (3) We are surprised that appellant's counsel make objection to the action of the trial court in refusing to allow the amended answer to be filed. The question of amending pleadings rests largely in the discretion of the trial court. R. S. 1899, secs. 657, 660; Stewart v. Glenn, 58 Mo. 481. But even if error was committed, appellant has waived it by failing to raise that point in its motion for a new trial. State ex rel. v. Fargo, 151 Mo. 280; State v. Burks, 132 Mo. 363; Roberts v. Boulton, 56 Mo. App. 405; Anderson v. Stapel, 80 Mo. App. 115.

SMITH, P. J.—This action is bottomed on the provisions of section 1109, Revised Statutes 1899, to recover double damages for an injury to a cow. The evidence was, as we think, quite sufficient to justify the submission of the case to the jury. The court on motion of plaintiff doubled the damages assessed by the jury and gave judgment accordingly.

The defendant gave in evidence three special acts of the general assembly of this state relating to the North Missouri Railroad Company, to-wit: The act of March 3, 1851—Session Acts 1851, p. 483; that of January 7, 1853 —Session Acts 1853, p. 323, and that of February 18, 1865—Session Acts 1865, p. 89. And also that it had by purchase acquired all the rights and immunities of the North Missouri Railroad Company by purchase and that to that extent it now stands in the shoes of that company. This evidence was introduced without objection. The answer was a general denial only.

The defendant now contends that under its said charter provisions it is only liable for one-half of the amount of damages assessed by the jury instead of for double that amount. The plaintiff, on the other hand, insists that this contention can not be upheld for the reason that no such defense was pleaded in the answer of the defendant. Defendant replies that this defense was proper under the general denial.

The acts of the general assembly to which we have referred contain no provision declaring them to be public acts and therefore we must regard them as private acts; and before we can notice them they must be pleaded and proved or else pleaded by their respective titles with reference to the dates of passage. R. S. 1889, sec. 450; O'Brien v. Railway, 21 Mo. App. 12, and cases there cited; Mexico v. Cauthorn, 25 Mo. App. 285.

Under the provisions of section 1109, Revised Statutes 1899, the defendant would undoubtedly be liable to the double damage unless there is some provision of its charter which exempts it from the operation of that section. Busby v. Railway, 81 Mo. 43. These special acts are in the nature of a proviso to said section 1109 and to be invoked they should have been pleaded in one of the ways we have indicated when they would in that have thereby risen to the dignity of public acts, of the provisions of which we could take judicial notice. Bliss on Code Plead., sec. 202. The answer denied the facts alleged in the petition but did not deny liability. The well-settled rule of pleading is: "The defendant, by merely answering the allegations in plaintiff's petition, can try only such questions of fact as are necessary to sustain the plaintiff's case. If he intends to rely on new matter which goes to defeat or avoid the plaintiff's action he must set forth, in clear and decided terms, each substantial fact intended to be so relied upon. If the defendant intends to rest his defense upon any fact which is not included in the allegations necessary to the support of plaintiff's case, he must set it out according to the statute in ordinary and concise language, else he will be precluded from giving evidence of it upon the trial." Mize v. Glenn, 38 Mo. App. 104; White v. Middlesworth, 42 Mo. App. 368; Guinotte v. Ridge, 46 Mo. App. 254; Hudson v. Railway, 101 Mo. 13; Donovan v. Railway, 89 Mo. 147; Musser v. Adler, 86 Mo. 445.

The defendant did not rest its defense on any fact that was included in the allegations necessary to support the plaintiff's case, but rather upon a provision of its charter in which was contained a partial exemption from liability for the injury complained of. But this provision is not before us in such a way that we can take notice of it. So far as we are advised by the pleadings the defendant is entitled

under the law to no right or immunity different from other railway companies in this state. If the defendant by proper allegations of its answer had pleaded its charter then we could have looked at the provisions thereof and have determined the question whether or not it was entitled to the partial exemption now claimed by it; or, in other words, whether or not there was any liability. But the defendant was permitted to introduce in evidence its charter without objection; still, this did not entitle it to the instruction requested by it to the effect that under its charter rights plaintiff was not entitled to recover double damages. Although the evidence of the existence of the defendant's charter was given in evidence it was inadmissible under the pleadings and the issues arising on such pleading could not thereby be altered or enlarged. Bank v. Westlake, 21 Mo. App. 565; Wright v. Fonda, 44 Mo. App. 634.

After the defendant succeeded in putting its charter in evidence it should have then requested leave of the court to amend its answer so as to plead the facts which it had had the good fortune to be allowed to prove without objection, and the court in tl ɔ exercise of its discretion would probably on terms have granted its request. The defendant so far as the motion for a new trial discloses took no such step in the trial court and therefore we must dispose of the question as to whether or not it made such request as if not made at all. We can only notice such assignments of error as have for their foundation the grounds specified in the motion for the new trial.

Under the pleadings and evidence given in support thereof the defendant was clearly liable under said section 1109. There is nothing in Daniels v. Railway, 62 Mo. 43, or in Huss v. Railway, 84 Mo App. 111, decided by us at the last April term which would authorize us to disturb the judgment.

The defendant further objects that the court erred in permitting a witness for plaintiff, over its objection, to testify his opinion as to whether the cattle guard over which the plaintiff's cow passed from the public road on to defendant's inclosed railway track, was sufficient to turn stock. This was improper but later, during the progress of the examination of the witness, the court directed the obnoxious testimony to be stricken out so that the error was corrected by the court itself before any harm resulted therefrom to defendant. Anyway, there was other independent evidence which tended to prove that the cattle guard in question was insufficient ordinarily to turn stock.

The judgment must be affirmed.    All concur.