Napton, judge,
delivered tbe opinion of the court.
This proceeding was founded on the statute to prevent the firing of woods, marshes and prairies. The statute is very plain, and scarcely admits of misconstruction. It declares that whoever wilfully sets on fire a prairie, marsh or woods, and that fire occasions damage to another, shall forfeit a specified penalty. It is also provided that this penalty shall not be exacted where a person is burning up any thing on his own farm and the fire accidentally escapes to an adjoining prairie or woods.
The facts of the present case were these : The defendant put out fire in the prairie outside of his field fence, and the wind being high, it spread rapidly and consumed the fences and grain stacks of two or three of his neighbors. That such a case comes within the statute is clear enough; but proof was allowed to be introduced to show that the land where the fire was set out, belonged to the defendant, and that he was in the habit of throwing his stock fodder over the fence upon the ground where the fire was started. This evidence was totally irrele *124 vant. It was immaterial whether the defendant put out the fire upon his own land, or upon land belonging to the United States, or any one else. The question of title has nothing to do with the case. The statute makes no distinction between setting fire on - vacant land or land belonging to another than the person doing the act, and putting out fire upon their own land. Nor is the fact that cattle were accustomed to be fed outside of the defendant’s enclosure and upon the land where the fire was started, any defence to the action. If it were so, the statute, so far as the protection of prairie farms is concerned would be a buriurn fulmen. Men are usually very sharp sighted and cautious in matters where their own interest is involved, and there is but little danger from fires put out within enclosures for the purpose of burning up brush stubble or other offensive or superfluous matter. Such fires must first consume the fences of those who start them before they can damage their neighbors. This was permitted by the legislature believing, no doubt, that self interest would induce caution. But knowing that persons who set fire around their own farms to protect them from future conflagration, are not so watchful of the interest of their neighbors as of their own, the legislature declared such act to be_done at the peril of him who attempts it. If damage results the perpetrator must pay for it, no matter what may have been his motive. Every one who is conversant with the modes of farming in the prairie portion of our State, is aware that the practice of setting out fire near to the farm fence, with a view to protect it, is attended with great danger to the neighboring proprietors, and this practice is obviously the one designed to be furnished by our law. It is equally well known that the practice of feeding stock on the outside of the farm, in the vicinity of the fences, is almost universally prevalent. So that if this circumstance justifies the proprietor, the law is a dead letter.
We do not wish it to be inferred that we would confine the word “farm,” as used in the statute, exclusively to enclosures. Cases might, no doubt, be put where a farmer would not be responsible for unintentionally firing the woods or prairie, by setting out fire outside of his enclosures. In clearing timbered land, fires are set out to burn up the brush and roots and log heaps before the fence is built, and it would be readily admitted that if this was the sole design of the fire, the farmer would not be answerable, if it accidentally escaped into an adjoining prairie or woods. Other instances might be suggested, but we think there is no difficulty in distinguishing all such cases from the one against which the statute is aimed.
*125 We shall not advert particularly to the instructions in this case. The second instruction given at the plaintiffs instance is a singular one, coming from the quarter it did. That the court gave it can certainly be no ground of complaint here.
We shall reverse the judgment, because evidence was admitted calculated to mislead the jury.
The other judges concurring, judgment reversed and the case remanded.