STATE OF MISSOURI, Plaintiff in Error, *v.* JOHN GRAHAM, Defendant in Error.

1. *Crimes and punishments — Evidence as to facts after the commission of the act, showing animus.*—In the trial of an indictment for willfully and maliciously killing a hog, evidence on the part of the accused, showing his *animus* and intention, was competent in establishing his innocence, although it embraced facts subsequent to the killing.

### Error to Second District Court.

*Geo. D. Reynolds* and *H. B. Johnson*, for plaintiff in error, cited 1 Whart. Crim. Law, § 699; State v. Jackson, 17 Mo. 544; Green v. State, 13 Mo. 382.

*Reppy, Thomas & Williams*, for defendant in error, cited State v. Matthews, 20 Mo. 55 ; 37 Mo. 225.

WAGNER, Judge, delivered the opinion of the court.

The only question necessary to notice springs out of the action of the Circuit Court in excluding the evidence offered by the defendant. The defendant was indicted under the statute (Wagn. Stat. 462, § 55) for willfully and maliciously killing a hog, the property of one Huskey. After the evidence for the State was submitted, the prisoner introduced Samuel Herrington, his father-in-law, and offered to prove by him that on the morning of the day on which the prisoner shot the hog, he (Herrington) requested defendant to go into the woods where he had some wild hogs running and kill them ; that defendant went out with his gun and shot the hog, and after shooting it he returned to witness' house and stated that he had killed Huskey's hog, and asked what to do with it ; that witness sent his son and defendant with a wagon, with instructions to take the hog to Huskey and give it to him. This evidence was ruled by the court to be inadmissible. The defendant was then convicted and sentenced to pay a fine.

It is an admitted principle that after the commission of a crime the guilty party can not, by his own acts and declarations, make evidence in his favor. But in the present case, after the killing was proven, it was necessary and material to show with what intent the act was done. Evidence on the part of the accused, showing the *animus* and intention, was competent in establishing his innocence. The testimony which he offered to produce, showing that he was authorized and requested to kill Herrington's hogs running in the woods, was proper, and should have been admitted. It was important for him to show how he became engaged in killing hogs in that place and at that time. If he was simply pursuing his authority and killing what he supposed to be Herrington's hogs, it is obvious that he was guilty of no offense. And whether such were the facts, was a question to be passed upon by the jury. On a consideration of the whole evidence, we are unable to distinguish this case from The State v.

Matthews, 20 Mo. 55, where similar testimony was declared admissible.

I think the District Court properly reversed the judgment of the Circuit Court, and its rulings will therefore be affirmed. Judge Currier concurs ; Judge Bliss absent.