Hacker v. Brown.

HACKER v. BROWN *Appellant.*

1. **Promissory Note**: FAILURE OF CONSIDERATION.  Recovery cannot be had upon a promissory note when the consideration therefor has wholly failed.
2. **Practice, Civil**: JUDGMENT: EVIDENCE.  If there is no evidence to support a verdict, the judgment will be reversed.

*Appeal from Carroll Circuit Court.*—Hon. E. J. BROADDUS, Judge.

REVERSED.

*Hale & Sons* for appellant.

There was no consideration for the note in suit.  The judgment of the court is against the law and the evidence, and should be reversed.  The defense set up in this case does not come within the principle of *Henshaw v. Dutton*, 59 Mo. 139, and same case 67 Mo. 666, and *Jones v. Shaw*, 67 Mo. 667; *Bircher v. Payne*, 7 Mo. 462, and other cases in this court, where it was attempted to defend the collection of notes by proving contemporaneous parol agreements, contrary to the terms of the note, but the defense shows either a total or partial failure of consideration.  See *Wade v. Scott*, 7 Mo. 509; *Ray v. Baker*, 9 Mo. 850; *Kleine v. Keyes*, 17 Mo. 326; *Gamache v. Grimm.* 23 Mo. 38; Story on Bills, (4 Ed. p. 192 § 182.

*John L. Mirick* for respondent.

This being an action at law, this court will not weigh the evidence, and will not interfere with a verdict if there is any evidence to support it.  *Reid v. Ins. Co.*, 58 Mo. 422.  This verdict is supported by an abundance of testimony.  The verdict was for the right party, and the judgment should be affirmed with damages.

MARTIN, C,—The plaintiff sued on a note dated Feb-

ruary 17th, 1873, executed by defendant, and payable to plaintiff, or order, twenty days after date, bearing ten per cent interest compounded.

The petition is in the usual form. The answer admits the execution of the note, and sets up a defense going to show that it was obtained by fraudulent representations, and that there had been, before suit brought, an entire fail- ure of considerttion. The plaintiff replied denying this defense. The cause was tried by the court, and judgment was rendered in favor of plaintiff in the sum of $419.29.

No instructions were asked or given. The defendant contends that the judgment is against the evidence, which is preserved in a bill of exceptions, along with the motion for a new trial, urging this point. The plaintiff insists that there is sufficient evidence to support the judgment. It, therefore, becomes necessary for us to examine the testimony, which substantially corresponds with the facts pleaded by defendant.

The testimony rests entirely upon the defendant's story, detailed upon the witness-stand. along with one or two portions of documentary proof.

The defendant testifies that the plaintiff, in consideration of the note sued on, gave him three promissory notes against one John Cooper, amounting in the aggregate to $160, dated October 26th, 1863, bearing ten per cent interest from date, purporting to be secured by a deed of trust on a certain parcel of land, which she had conveyed to said Cooper. At the time of the transaction, the defendant took from the plaintiff a receipt or memorandum, which reads as follows: "Received February 17th, 1873, from **T. J. Brown** one note calling for $245.73, dated February 17th, 1873, due twenty days after date, for which note I sold him two notes on John Cooper and one certain abstract of a note on said Cooper, and the said Brown will proceed to bring suit on said notes, in order to foreclose a deed of mortgage given by Cooper to secure the payment of said notes, and I agree with the said Brown that if he fails to get a

Hacker v. Brown.

judgment to the amount of $245.73 on account of said notes not being acceptable, that I will set a credit on said Brown's note to make it correspond with the judgment obtained. Signed by the said Elizabeth Hacker." The defendant testifies that the plaintiff represented that she had sold the land to Cooper in 1863, and that the notes mentioned in the receipt were secured by a deed of trust, or a mortgage on the land so sold; that one of the notes was lost or mislaid, but that they were all secured on the real estate aforesaid; that relying on these representations, he accepted the notes in the memorandum, and executed to plaintiff the one sued on; that he afterward ascertained the representations to be false, in this, that plaintiff had not conveyed the land to John Cooper, but to Hannah Cooper, his wife; and that Hannah Cooper undertook to give the deed of trust, or pretended security for the notes on the land conveyed to her, but failed to acknowledge the instrument, thus leaving the notes without any security whatever on the land; and that John Cooper had no interest in the land. He also testifies that these facts were well known to plaintiff at the time of the representations aforesaid; that he in good faith undertook to collect the notes by foreclosure of the mortgage, but was compelled to take a nonsuit on account of the title being in Hannah Cooper, who had not executed the mortgage so as to bind her. He also testified that John Cooper was insolvent, and was not in possession of the land pretended to have been sold to him, but was prosecuting an action of ejectment in favor of his wife against one Robert Ord, who was in possession, and that he had never realized anything on the notes. There is no contradiction of this evidence in the record. Records were introduced showing the fruitless termination of the suit for foreclosure of the mortgage, or deed of trust, also a judgment by agreement for defendant in the suit of Hannah Cooper and husband against Robert Ord.

The learned and confident counsel of plaintiff thinks there is sufficient evidence here to support the judgment.

He argues that the defendant, in cross-examination, admitted that he had been agent of Mr. Ord, looking after his interest in the ejectment suit, and that he had acquired the notes given by Cooper for the purpose of closing him out, if he succeeded in his ejectment against Ord. It may be, and probably is true that he acquired them with that motive, but there is no evidence that they were ever used for that purpose, or that they were available to defendant in that, or any other respect. Clearly, if the mortgage was void, it would not have been a very promising element in the defense of Ord's possession. The plaintiff having represented the notes and mortgage to be a valid demand against the land, and they appearing from the evidence to have been utterly worthless, within the knowledge of plaintiff at the time ; I am unable to regard these facts in any other light than as a failure of consideration, especially when considered with reference to the receipt given in evidence. It is not aptly worded, but the meaning of it is pretty apparent under the evidence. The defendant having taken the Cooper notes upon faith of the representations recited in the evidence, was to proceed at once to collect them by foreclosure of the deed of trust or mortgage, and if on account of the notes not being collectible, he failed to get a judgment to the amount of the note sued on here, he was to have a credit on said last mentioned note, in an amount which would make it correspond with the judgment obtained on the deed of trust or Cooper notes. The Cooper notes had been running nearly ten years at the rate of ten per cent interest.

The import of the memorandum is, that defendant was to pay on the note in suit only so much as he obtained judgment for in the contemplated foreclosure suit on the Cooper notes. And as he has failed to obtain any such judgment, the thing being impossible from the beginning, although not so known to him, there is an entire failure of consideration, which works a discharge of his obligation on the note in suit. His obligation on the note in suit

must correspond with the judgment on the Cooper notes. And as that judgment is represented by zero, his liability on his own note must be reduced to the same arithmetical cipher.

My conclusion is, that there was a failure of consideration as represented and taken at the time of the exchange; also, that according to the terms of the memorandum pleaded, the defendant is entitled to a release or discharge upon the note in suit.

Accordingly, the judgment is reversed and cause remanded. All concur, except RAY, J., not sitting.