FRITZ KAHLE, Appellant, v. WILLIAM HOBEIN, Respondent.

Kansas City Court of Appeals, April 23, 1888.

1. DAMAGES—WILFULLY SETTING ON FIRE ANY WOODS, ETC., SO AS TO OCCASION DAMAGES TO OTHERS—CONSTRUCTION OF SECTION 2129, REVISED STATUTES—CASE ADJUDGED.—In order to a liability under section 2129, Revised Statutes (relating to the wilful setting on fire of woods, etc., so as thereby to occasion damage to any other person), the setting on fire must be intentional, and it must be a wilful act to come within the terms of the statute. Where the fire was a misfortune not foreseen or intended (as in this case), the statute is not applicable.

2. ———— ACTION UNDER THE STATUTE.—When the action is not a common-law action for negligence, but is conceded by the parties to be under the statute (as in this case), it must come within the terms, spirit, and intent of the statute.

APPEAL from Gasconade Circuit Court, HON. RUDOLPH HIRZEL, Judge.

*Affirmed.*

Statement of case by the court.

This action was begun before a justice of the peace under section 2129, Revised Statutes, and is based on the following complaint, to-wit:

"Plaintiff states that on or about the third day of

April, 1887, at the county aforesaid, one William Hobein did then and there wilfully set fire the woods on his own land, which said fire spread over the woods of the neighborhood on to the land of the plaintiff, Fritz Kahle, consuming on the same about eight hundred rails and a lot of fire-wood of the value of thirty-six dollars, also destroying on the land of said Fritz Kahle growing trees and timber of the value of seventy-five dollars. Plaintiff further states that, by such fire started by the defendant, he has sustained a total damage of one hundred and eleven dollars for which he prays judgment."

No objections being made to the form of the statement and it being agreed upon by counsel in the case that the complaint was based upon section 2129, of the Revised Statutes, and a jury being waived, the plaintiff offered evidence showing : "That the lands of plaintiff and defendant in Gasconade county, Missouri, are adjoining ; that, during February and March, and until the third day of April, 1887, the defendant, Fritz Hobein, had cleared a certain tract of timber land ; that, on the third day of April, the defendant set fire to two oak trees, which had been grubbed and were lying on said clearing and that some brush-piles on said clearing caught fire from said trees ; that defendant and his hired man extinguished said fire which had partially spread over the ground and confined the same to the aforesaid trees and one brush-pile between them ; this was in the forenoon. In the afternoon the hired man went out to the clearing and grubbed and burnt up brush on said clearing until five o'clock, p. m., when the fire had nearly burnt down. On the following day, Sunday, April 4, in the afternoon, there was fire on defendant's clearing and some of his rails lying scattered on the ground were burnt. Smoke was seen arising from said clearing on Sunday morning, about eleven o'clock. There was a heavy gale blowing in the direction from defendant's towards the plaintiff's land. A large brush fire was seen about one-fourth of a mile from defendant's land and spreading rapidly towards plaintiff's land, the

flames leaping five and six feet from the ground. This was shortly before noon. At half-past eleven, a. m., the fire was burning briskly at the clearing and spreading rapidly. About noon the fire spread over one hundred and sixty acres of timber land belonging to plaintiff, destroying rails and cord-wood and many trees, and doing great damage, amounting to more than sued for in the petition. Plaintiff and the neighbors put the fire out during Sunday afternoon."

Plaintiff here closed his case and defendant asked the following instrucrion in the nature of a demurrer :

"The court declares the law to be that under the evidence the plaintiff cannot recover; that this action being brought under section 2129, Revised Statutes of Missouri, the evidence fails to show that the defendant wilfully set fire to any woods as contemplated by the statute."

This instruction was given and plaintiff appeals.

RYORS & VOSHALL, for the appellant.

I. Under the statute ( Rev. Stat., sec. 2129 ) any one who permits. fire to escape from any woods, etc., of his own, so as to damage his neighbor, is responsible, provided that this fire, in the first instance, was intentionally placed on his own woods or timber land by himself, or agent. The statute may be taken as penal, but appellant does not think that it is correct action on part of trial courts to so strictly construe penal statutes as to defeat the plain object of the legislature in passing the law. The true way to construe penal statutes is to fairly construe and faithfully apply them according to the intent of the legislature, in cases of doubt only leaning to mercy. Sedgwick on Stat. and Const. Laws ( 2 Ed.) 287 ; *Manker v. Faulhaber*, 94 Mo. 430.

II. Appellant contends there is nothing doubtful in the statute which admits of leaning in any direction. The law in question was passed prior to 1845. At the time of its passage it was limited in its operation by a section which read that this law should not apply to any

one who was burning up anything on his own land, and the fire accidentally escaped. Stat. of Mo. 1845, "Woods, Marshes and Prairies." While the law was so limited in its application the Supreme Court of this state, in the case of *Findlay v. Langston*, 12 Mo. 120, rendered an authoritative construction of that law. After the Supreme Court had rendered this decision the legislature significantly amended the statute, by repealing the section which protected the farmer engaged in clearing up his land for purposes of cultivation, doubled the penalty, and left the law as it now stands.

III. Appellate courts in construing section 2129, Revised Statutes, will give due attention to the former decision of the Supreme Court in 12 Mo. 120, and the subsequent significant action of the legislative power in meeting that decision by striking out of the law the only provision therein contained which protected a farmer from the peril arising from fire accidentally escaping from his own land, and which provision, or exception, in the statute was the basis of the decision. Sedgwick Stat. and Const. Law [2 Ed.] 218. Appellant contends that the plain intent of section 2129 is to prevent the injury to the public from annually occurring forest and prairie fires arising from the negligence of persons handling fire. That the legislative repeal of the section which exonerated persons from liability under this section 2129, for fire accidentally escaping from control, when the fire in the first instance was commenced for purposes of clearing land and rendering it fit for cultivation is clear proof of legislative intent. Appellant in support of this argument cites again : *Findlay v. Langston*, 12 Mo. 120 ; *Manker v. Faulhaber*, 94 Mo. 430 ; Sedgwick Stat. and Const. Law [2 Ed.] Pomeroy's Notes, 217, 218 ; Stat. of Mo. 1845, chap. "Woods, Marshes and Prairies ;" Stat. of Mo. 1855, chap. "Woods, Marshes and Prairies ;" Rev. Stat. 1879, sec. 2129.

IV. The injury to the state from annually occurring forest and prairie fires, the fact that counsel have been able to find no decisions of our appellate courts based on

section 2129, since the amendment of the law as originally passed on and construed by the Supreme Court, in the case of *Findlay v. Langston, supra,* gives this case more importance than the mere amount involved in money. On the law and the evidence the judgment should have been for plaintiff.

No brief for respondent.

ELLISON, J.—We are inclined to think the court took the right view of the statute. The evidence here shows no intentional setting fire to the woods, but merely to burn the log and brush-piles on defendant's clearing. The section of the statute under which the action is brought is as follows :

"Sec. 2129. *Id.* Damages.—If any person shall wilfully set on fire any woods, marshes, or prairies, whether his own or not, so as thereby to occasion any damage to any other person, such person shall make satisfaction in double damages to the party injured, to be recovered by civil action."

Formerly the statute did not apply to a person setting fire on his own farm, but afterwards such provision was omitted and it now applies whether the land on which the fire is set is his own or not. But it must still be a wilful act, to come within the terms of the statute ; that is, there must have been an intention to set fire to the woods, marsh, or prairie.

In this case the intention was evidently to burn the brush-piles and log-heaps resulting from the clearing. If this was defendant's sole aim and the resulting fire was a misfortune not foreseen or intended, the statute is not applicable to his case.

The case of *Finley v. Langston,* 12 Mo. 120, arose under the statute of 1835, which did not extend to any person setting fire on his own farm if done without any intention of firing woods, marshes, or prairies, but which did, of course, include firing outside the farm ; yet in that case it was held that "cases might, no doubt

be put where a farmer would not be responsible for unintentionally firing the woods or prairie, by setting out fire outside of his enclosures. In clearing timber land, fires are set out to burn up the brush and roots and log-heaps before the fence is built, and it would be readily admitted that if this was the sole design of the fire, the farmer would not be answerable, if it accidentally escaped into an adjoining prairie or woods. Other such instances might be put, but we think there is no difficulty in distinguishing all such cases from the one against which the statute is aimed."

It must be borne in mind that this case is not a common-law action for negligence, but is conceded by the parties to be under the statute quoted, and as such must come within its terms, spirit, and intent.

The judgment is affirmed. All concur.