DAVID RUSSELL, Respondent, v. B. B. REAGAN, Appellant.

St. Louis Court of Appeals, February 19, 1889.

1.  **Damages:** FENCE BURNING: EVIDENCE. In an action under section 2129, Revised Statutes, for setting fire to woods, so that the plaintiff's fence was burned and other property destroyed, the evidence tended to show that on Tuesday the defendant put fire to an old "coaling job" on his land, between which and the plaintiff's field there was a public road. Witnesses were satisfied from the situation, that the fire could not cross this road. At five o'clock of that afternoon, the fire had burned within two hundred and fifty yards of the road. On Wednesday, the ground had been burned over, and the fire was entirely out. There were no indications that the fire had crossed the road. On Thursday afternoon, the plaintiff's fence was first seen to be burning. There were still no indications that the fire had crossed the road from toward the "old coaling;" and it appeared that the fire burning the fence had been started close by the roadside. *Held*, that in this testimony there was no substantial evidence that the defendant was guilty of the act charged, and, upon a verdict against him, the court erred in refusing a new trial.

2. **Action:** FIRE ACCIDENTALLY ESCAPING. There is no cause of action, under section 2129, Revised Statutes, against one who properly starts a fire on his own land for a legitimate purpose, because the fire accidentally escapes to the land of another, and does injury.

*Appeal from the Crawford Circuit Court.*—HON. C. C. BLAND, Judge.

REVERSED (*and dismissed*).

*L. B. Woodside,* for the appellant.

The verdict was wholly unsupported by evidence. There was no testimony that the fire set by defendant caused the damage, and for that reason the judgment should be reversed. *Spooner v. Railroad,* 23 Mo. App. 403; *Brewery Co. v. Bodemann,* 12 Mo. App. 573; *O'Donnell v. Railroad,* 7 Mo. App. 190. The court erred in giving the instruction given for plaintiff. The statute is as follows: "If any person shall wilfully set on fire any woods, marshes or prairies, whether his own or not, so as thereby to occasion any damage to any other person, such person shall make satisfaction in double damages to the party injured to be recovered by civil action." R. S. 1879, sec. 2129. There is no evidence that any woods, marshes or prairies were set on fire. This statute contemplates an act of wilfully setting on fire for the purpose of burning the woods, marshes and prairies. The escape of fire from a camp-fire would not be within the statute. Neither would the escape of fire from a "coaling" or any other place, but to fix a liability there must be a wilful act of setting fire to woods or prairies, that they may, without let or hindrance, burn. And even if we could infer from the testimony in this case that the "coaling" was woodland and that the burning was for the purpose of facilitating the cutting of the timber for making charcoal, this would not be within the statute. *Kahle v. Hobein,* 30 Mo. App. 472.

The instruction given for plaintiff imposes a liability if the fire "escaped" and regardless of the fact whether it was set in woods or farm. The statute does not contemplate any "escape" of fire, and only imposes a liability when "woods, prairies or marshes" are set on fire. In clearing up timbered lands fires are set out to burn up the brush and roots and log heaps before the fence is built and it would be readily admitted that if this was the sole design of the fire the farmer would not be answerable if it accidentally escaped into an adjoining prairie or wood." *Finley v. Langston,* 12 Mo., 124.

BIGGS, J., delivered the opinion of the court.

This is an action for damages brought by plaintiff against defendant under section 2129, Revised Statutes, charging that defendant *wilfully* set fire to certain woods in Crawford county, and that the fire so set by defendant escaped on to the lands of plaintiff and burned up some of the fence around his enclosure, thereby leaving his growing crops exposed, and that on account of the burning of the fence, cattle and other stock came upon plaintiff's premises, and destroyed and damaged his crops, etc.

There was a trial by jury which resulted in a verdict for plaintiff of twenty-five dollars and forty cents, on which the court rendered a judgment for fifty dollars and eighty cents. Defendant filed motions for a new trial and, in arrest of judgment, alleging the usual grounds, and among others, that there was no evidence to support the verdict, and that, under the law and evidence, the verdict should have been for the defendant. The court overruled the motions, defendant excepted and appealed to this court.

Counsel for defendant insists that the verdict was wholly unsupported by the evidence. It therefore becomes necessary for us to examine the testimony, and if the record discloses the fact, that there was no substantial evidence to sustain the verdict, the judgment,

which is based thereon, must be reversed. 2 Thomp. on Trials, sec. 2273; *Hacker v. Brown*, 81 Mo. 68; *Foster v. Foster*, 77 Mo. 227; *Schooling v. Railroad*, 75 Mo. 518.

Plaintiff said in substance, that about November 1, 1887, a portion of his fence was destroyed by fire; he was away from home. Forty-four panels of fence burned, and the stock destroyed corn and fodder worth thirty-five dollars. Rails burned worth ten dollars, and wheat damages ten dollars. Defendant admitted to plaintiff that he put out fire on a "coaling job" near plaintiff's farm. That he told his hands that it would not cross the road. It was dry, windy weather when the fence was burned.

Drayton Holbert testified, that he heard defendant say to plaintiff that he (defendant) had put out a fire in a "coaling job" near Russell's field, but refused to pay plaintiff anything because the fire, defendant put out, did not do the damage to plaintiff's fences.

Charles Gray testified, that he helped defendant burn off eighty acres of ground near plaintiff's field, some time before plaintiff's field was burned. There was an "old coaling" burned off between the eighty-acre tract and the public road. Plaintiff's field was on the opposite side of the road. That they burned around the land, except on the side next to public road. Defendant said that the fire would not cross the road. The road was from twenty to forty feet wide. This was on Tuesday, first day of November. We left about five o'clock, Tuesday afternoon. At that time the fire had burned within two hundred and fifty yards of the road. Plaintiff's fence was burned on Thursday. There was but little grass and leaves on the "old coaling," which was next to the road. Witness felt satisfied that if the fire should extend over this, it could not cross the road. For this reason did not fire along the road. Was back there on Wednesday. The ground had burned over. I saw no fire or smoke. The fire was out.

C. Adair testified substantially to the same facts. He testified also that he was at the place where plaintiff's fence was burned on the next day after it was burned, and he saw no evidence that the fire had crossed the road next to where the "coaling job" had been fired. That he also passed the place on Thursday about two o'clock, p. m., and plaintiff's fence was then on fire. Could not see where fire had crossed the road from the "coaling."

James Ogle testified substantially to the same facts as Gray.

Lewis Ogle testified to the same state of facts as Gray.

John Rodgers testified that he passed by plaintiff's field about two o'clock in the afternoon on Thursday and found the fence on fire. Witness broke the fence on both sides of fire.

Defendant testified to same facts as other witnesses about the circumstances under which the fire was put out and for what purpose. Was back at the place on Wednesday, and the ground was then burned over and there was no fire. Was there on Wednesday about two, p. m. Plaintiff's fence was burned the next day about two, p. m.

Benjamin Ogle testified that he passed along by plaintiff's field on Thursday about two, p. m. The fence was on fire at that time. Could not see any place where the fire had crossed the road from the "old coaling."

Samuel Ogle testified that, on Thursday afternoon, he saw a small fire near plaintiff's field, and about one hundred and forty yards from the nearest point of the "coaling." The fire had burned over about one-half acre. Witness extinguished this fire, but did not go down to the field, as he supposed that was all the fire there was. The fire had been started close by the roadside.

We have set out the testimony quite minutely, because we are of the opinion that there is no substantial evidence to support the verdict in this case. There is not only no direct testimony that the fire put out by defendant on Tuesday escaped on to plaintiff's land on Thursday, and burned up his fence, but every fact and circumstance, and the testimony of plaintff's own witnesses, show that it was not true. There were several parties at the place on Wednesday, and they all say that defendant's ground had entirely burned over and all of the fire had gone out. There was proof strongly tending to prove that the fire that destroyed plaintiff's property, was set out at a different place and evidently by some one else. We think the court ought to have granted a new trial.

But aside from this, we do not think plaintiff has any cause of action against defendant, under this section of the statute. Defendant did not *wilfully* set fire to the woods within the meaning of section 2129. The supreme court of Missouri in case of *Finley v. Langston*, 12 Mo. 120, in effect decided that, when a farmer is clearing timbered land outside of his own enclosure, and he puts out fires to burn up the brush, roots and log heaps, and that was the sole design of the fire, he would not be answerable under this section of the statute, if it accidentally escaped into adjoining lands. *Kahle v. Hobein*, 30 Mo. App. 472. In the case at bar, defendant put out the fire on his own land, for the purpose of facilitating the cutting of the timber for making charcoal.

The judgment will be reversed and the cause dismissed. All the judges concur.