STATE OF MISSOURI, Respondent, v. MINNIE BRANDAU, Appellant.

### St. Louis Court of Appeals,. October 18, 1898.

1. **Larceny:** EVIDENCE: ADMISSIBILITY OF. Anything that.occurred, or any statement made by the defendant after the alleged loss of her money and prior to the commission of the alleged offense and which was calculated to throw any light on the principal fact, was admissible as part of the *res gestae.*

2. **Instruction:** EVIDENCE. Where a party secures the admission of competent evidence, he has no right to have it given undue prominence by an instruction to the jury.

*Appeal from the St. Louis Court of Criminal Correction.* HON. DAVID MURPHY, Judge.

REVERSED AND REMANDED.

LUBKE & MUENCH, PAXSON & DIERKES for appellant.

It was error for the court to refuse the instruction in the nature of a demurrer to the evidence, as the state entirely failed to substantiate the offense charged. Witt v. State, 9 Mo. 671; State v. Conway, 18 Mo. 321; State v. Shermer, 55 Mo. 86; State v. Stone, 68 Mo. 101; R. S. Mo. 1889, secs. 3535 and 3557. It was error to exclude what was said between defendant and the salesladies, between the time of finding her empty

purse and receiving the $4 from the prosecuting wit-
ness.  State v. Gabriel, 88 Mo. 638; State v. Graham,
46 Mo. 490.  The second instruction given by the
court was erroneous, in that it singled out a particular
fact and amounted to a commentary on the evidence.
Weil v. Schwartz, 21 Mo. App. 381 (loc. cit.).  The
court erred in the exclusion of testimony offered by
defendant and in the admission of testimony offered by
the state over defendant's objections.  The court erred
in its instructions to the jury.

SEDDON & BLAIR for respondent.

In the opinion of the court it is said that "the
defendant complained that the evidence is insufficient
to sustain the conviction."  There being no assign-
ment of errors upon this point, it can not now be con-
sidered by this court.  Rule 18 of the St. Louis Court
of Appeals: "The brief filed on behalf of appellant or
plaintiff in error shall distinctly and separately allege
the errors committed by the inferior court, and no
reference will be permitted in the oral argument to
errors not thus specified  *  *  *  ."  Garneau v.
Heathel, 15 Mo. 191; Honeycutt v. Railroad, 40 Mo.
App. 674.  Even if such assignment had been made,
it would not constitute an error of law reviewable by
this court, because the sufficiency of evidence is always
a question for the jury alone.  Brewing Ass'n v.
Steimke, 68 Mo. App. 56.  "Appellate Courts  *  *  *
can not assume that a verdict is necessarily the result
of bias because opposed to the weight of the evidence.
To do so would obliterate the well recognized distinc-
tion between the power of trial courts and appellate
courts in that regard."  Freeman v. Pratt, 66 Mo.
App. 284.  "In this case the error assigned was that
the verdict was against the great weight of the evi-

dence.'' In rendering the opinion of this court his honor, Judge BOND, said: ''Hence it is evident that the solution of the issue between the parties should have been submitted to the jury whose peculiar province it is to pass upon the credibility of witnesses and to weigh the evidence where there is substantial conflict.'' State v. Campbell, 108 Mo. 611. ''Under the guidance of the instructions given it was not necessary in order to have found a verdict of guilty that the taking should have been wrongful or with a felonious intent except so far as the words 'steal, take and carry away' may have implied a felony in the minds of the jurors.'' Blanton v. Dodd, 109 Mo. 64; Brown v. Railroad, 50 Mo. 461; State v. Richardson, 117 Mo. 586; State v. Johnson, 139 Mo. 199; Chadwick v. Bumpus, 45 Mo. 111; Bray v. Kemp, 113 Mo. 586. The question of sufficiency of evidence to sustain the verdict in this case resolves itself into the question whether the evidence establishes felonious intent. That question is in all cases solely for the jury to determine. State v. Witt, 9 Mo. 672. ''In all cases of larceny the questions whether the defendant took the goods knowingly or by mistake, whether he took them *bona fide* under a claim of right, or otherwise, and whether he took them with an intent to return them to the owner or deprive the owner of them altogether, are questions entirely for the consideration of the jury, to be determined by them upon a view of the particular facts of the case. Cited and approved in State v. Campbell, 108 Mo. 611.

BIGGS, J.—The defendant was convicted of petit larceny. She has appealed and complains that the court excluded competent and material evidence offered by her; that there is prejudicial error in the plaintiff's

instructions, and that the defendant's demurrer to the evidence ought to have been sustained.

The evidence introduced by the state was to the effect that the defendant took from Marjorie Oliver (who is the prosecuting witness), $4; that the money belonged to Miss Oliver, and that the defendant converted it to her own use. The evidence offered by the defendant tended to prove these facts: A few hours before the alleged theft, the defendant received from her husband four dollars, which consisted of a dollar bill and three silver dollars. The bill was torn near the lower left hand corner. After receiving the money she went directly to the store of Scruggs, Vandervoort & Barney, for the purpose of making some purchases. She went to the hat department and directly afterwards the prosecuting witness, who is about fourteen years old, and Bessie Wyman, another girl of about the same age, came into the department. At this time the defendant occupied a settee and she went to another part of the building to get a lunch, leaving her pocket-book on the settee. The prosecuting witness and Miss Wyman took seats on the settee and they both admit that they saw a pocketbook lying on the settee near where a woman was sitting. Whether or not this woman was the defendant, they could not say. They also admit that the woman went away leaving the pocketbook on the seat, where it remained until the defendant came into the department and made inquiries concerning it. The defendant found the book where she had left it, and upon examination she discovered that the money her husband had given her was missing. She inquired of Miss Wyman if she had seen any one touch the pocketbook, stating to her that some one had taken some of her money. She then demanded that the prosecuting witness and Miss Wyman should exhibit to her the contents of their pockets. Miss Wyman

submitted to the demand and convinced the defendant that she did not have the money. Miss Oliver opened her pocketbook, and in one compartment there was a dollar bill, which was crumpled and placed in the book in such a manner that a person could not determine its denomination without unfolding it. The bill had a torn place in the lower left hand corner. The pocket-book also contained three silver dollars, besides some smaller coins. The defendant claimed the bill and three silver dollars. Miss Oliver surrendered the money after the defendant had threatened to have her arrested if she refused to do so. Whether the defendant identified the bill as her property before it was taken out of the book, or before it was unfolded so that the torn place could be seen, is a question of some doubt under the evidence.

The foregoing statement shows that the defendant claimed and received the money from Miss Oliver, and the evidence for the state tended to prove that it was the property of the latter. The all important question is was the money claimed and taken by the defendant with a larcenous design. On motion of the prosecuting attorney the trial court excluded from the consideration of the jury the following statement of Kittie Dolan, who was a witness for the defendant: "The young ladies (referring to Misses Oliver and Wyman) were standing by the mirror putting on their hats, and Mrs. Brandau had her purse in her hand, and she said the money had been taken out of it, and the young ladies said it was too bad, and she said that they ought to have noticed it for they were the only ones sitting there, and I said she might have dropped it. *She (defendant) said that she had three silver dollars and one paper dollar in it.*" This alleged conversation occurred just after the defendant claimed to have discovered the loss of

her money and only a few moments before she demanded that Miss Wyman and the prosecuting witness should exhibit the contents of their pockets.   We think that the court committed error in excluding the statement.   The testimony was material as tending to show the animus of the defendant in claiming the money, that is it tended to show that the defendant actually lost three dollars in silver and a paper dollar, and that in making a claim to a like amount of money in the pocketbook of Miss Oliver she had no intention of getting money which she knew did not belong to her. The testimony was competent and admissible as part of the *res gestae.*

As before stated, the principal matter in dispute was the intent with which the money was claimed and taken by the defendant.   In determining this it was error to confine the proof to what was done and said at the *very time* of the taking of the money.   The transaction was composed of other incidents.   Anything that occurred, or any statement made by the defendant after the alleged loss of her money and prior to the commission of the alleged offense and which was calculated to throw any light on the principal fact, was admissible as part of the *res gestae.*   In State v. Gabriel, 88 Mo. loc. cit. 638, Judge SHERWOOD said that "the *res gestae* in larceny is not restricted to that limited period of time when the fingers reach out and grasp the article in question, any more than are the

LARCENY: res gestae.

*res gestae* confined in a case of homicide to the knife thrust which loosens the 'silver cord' of life.   The *quo animo* and all actions and words whereby that is demonstrated, form part of the *res gestae,* and thus become admissible."   *   *   * "Nor are there limits of time within which the *res gestae* can be arbitrarily confined.   They vary in fact with each particular case.   The test is, were the declara-

tions the facts talking through the party, or the party's talk about the facts." The case of State v. Graham, 46 Mo. 490, announces substantially the same principle.

For the foregoing reasons the court also committed error in excluding the testimony of Nellie Vaughn Form, as to the declaration of the defendant made immediately upon the alleged discovery by her of the loss of her money.

The defendant objected to the following instruction: "The court instructs the jury that the question of whether the defendant acted with a fraudulent purpose or not and whether she wrongfully appropriated the money or not and to what her intent was is to be ascertained by the jury from all the facts

INSTRUCTION. and circumstances in proof and *that the mere declaration of the defendant as to what her intent was is not conclusive evidence as to such intent.*"

That portion of the instruction in italics we think was erroneous and misleading. The rule is that where the law "fixes the weight or effect of evidence," there is no impropriety in so instructing the jury. Chouquette v. Barada, 28 Mo. 499; State v. Sivils, 105 Mo. 534; Tyler v. Hall, 106 Mo. loc. cit. 323; State v. Seals, 47 Mo. App. 606. Thus in Tyler v. Hall the question was as to the delivery of a deed. The court instructed the jury that the fact that the deed was left by the grantor in a place accessible to defendant did not constitute a delivery in the absence of an intention of the grantor to deliver and of the grantee to accept. It was held by the supreme court, and very properly so, that the instruction merely declared the legal effect of the evidence. But where the law does not declare the weight of the legal effect of testimony, it is error for the court to tell the jury what consideration or weight ought to be given to it. This question is a matter of

argument and addresses itself to the judgment and experience of the triers of the facts.   While our common experience teaches that the declarations of a litigant as to his intentions can not be accepted as conclusive, yet it can not be said that the law fixes their weight or legal effect.

Where a party secures the admission of competent evidence, he has no right to have it given undue prominence by an instruction to the jury.   It would be equally objectionable for his adversary to seek to break the force of it by a like instruction.   We therefore conclude that the instruction was erroneous in the form in which it was given.

The contention that the defendant was entitled under the evidence to a discharge, must be overruled. It is not disputed that she received and appropriated the money, and there was evidence that it belonged to Miss Oliver.   There was some evidence that she identified or claimed the bill before it was taken out of the pocketbook and before it was unfolded so that the torn place could be seen or even the denomination of the bill determined, which circumstance, if true, had some tendency to prove a felonious intent.   This evidence was sufficient to authorize the submission of the case to the jury, and as the jurors were the sole judges of the credibility of witnesses and the weight to be given the testimony, it was for them to determine whether under all the evidence the defendant should be acquitted.

For the errors pointed out in the first and second paragraphs, the judgment of the lower court will be reversed and the cause remanded.   All the judges concur.