# WILLIAM W. BELK, Respondent, v. N. V. STEWART, Appellant.

### Springfield Court of Appeals, January 8, 1912.

1. **FIRES: Setting Fire to Woods: Protecting One's Own Premises: Instructions.** In an action for double damages under section 5433, Revised Statutes 1909, for willfully setting fire to woods by which property belonging to plaintiff was destroyed, it was held error to refuse an instruction bottomed on the proposition that the defendant had a right to set out fire to burn the leaves and grass on his own property and in order to protect his own premises from probable future forest fires, and if he used ordinary care to keep the fire from spreading to the land of others and such fire escaped by accident to lands of the plaintiff; then defendant could not be held liable under said section.

2. **EVIDENCE: Master and Servant: Servant's Admissons: Impeachment of Witness: Fires.** In an action for double damages for setting fire to woods by which property belonging to plaintiff was destroyed, plaintiff was permitted to show that one L, who had assisted defendant in trying to control the fire, had a few days thereafter made a statement against the defendant's interest. *Held*, that the statement was not properly admissible as binding upon the defendant, but having been introduced for the purpose of impeachment of L, after a proper foundation had been laid, it was therefore admissible.

3. **PRACTICE: Improper Remarks of Trial Judge: Fires.** In the trial of an action for double damages under section 5433, for willfully setting fire to woods which resulted in damages to plaintiff's property, the remark of the trial judge in the presence of the jury, which in effect was an invitation to them to use their own knowledge of forest fires in determining the issues in the case, rather than the testimony of the witnesses was *held* improper.

4. **———: ———: ———: Double Damages.** In an action for double damages for willfully setting fire to woods by which property belonging to plaintiff was damaged, it was improper for the trial judge to inform the jury that if they found for plaintiff, the law would require him to double the damages and that the jury might take that fact into consideration in arriving at their verdict.

5. **FIRES: Setting Fire to Woods: Double Damages: Negligence.** A proper construction of section 5433, Revised Statutes 1909, is

*held* to be that if a person intentionally sets fire to the woods, marshes or prairie when there is no necessity to do it, and with no intention to control it, but shall wantonly or willfully permit it to spread uncontrolled, and damages result, he is liable for double damages under the statute. But if he is engaged in some lawful pursuit and is using fire in a legal way and fire started by him that way spreads and damages result, the ground for recovery against him would be negligence in handling the fire, unless his conduct was so wanton that willfulness could be inferred therefrom.

Appeal from Christian Circuit Court.—*Hon. John T. Moore,* Judge.

REVERSED AND REMANDED.

*G. Purd Hays* for appellant.

(1) The court committed the reversible error in permitting Eura Davis and Edwin Belk to testify to what Jesse Lewis told them the day after the fire as it was hearsay and could not bind the defendant, Stewart, as defendant was absent when said conversation was had. Cobel v. McDaniel, 33 Mo. 363; Gougue v. Burgess, 71 Mo. 389; Dunn v. Altman, 50 Mo. App. 231; State v. Nelson, 166 Mo. 191; Rice v. St. Louis, 165 Mo. 636; Krueger v. Railroad, 84 Mo. App. 358; Vermillion v. LeClare, 89 Mo. App. 55. (2). The court erred in giving instruction No. 1 asked by plaintiff. R. S. 1909, sec. 5433; Kahle v. Hobein, 30 Mo. App. 472; Russell v. Reagan, 34 Mo. App. 242. (3) The court is not authorized to double the damages on a general verdict as in this case. Ewing v. Eaton, 17 Mo. 466; Lebeaume v. Woodfolk, 18 Mo. 514; Brewster v. Link, 28 Mo. 147; Shrewsberry v. Beautlitz, 57 Mo. 414; Henry v. Lowe, 73 Mo. 96; Herron v. Homback, 24 Mo. 492. (4) The court committed reversible error in giving an oral instruction. R. S. 1909, sec. 1987; Dean v. Chandler, 44 Mo. App. 338; State v. Shipley, 174 Mo. 572. (5) The court erred in making

remarks in the presence and hearing of the jury. State ex rel. v. Mfg. Co., 149 Mo. 181; State v. Knowles, 185 Mo. 141; Schmidt v. Railroad, 149 Mo. 269.

*Barrett & Farrar* for respondent.

COX, J.—Action for double damages under Sec. 5433, Stat. 1909, for willfully setting fire to woods by which property belonging to plaintiff was destroyed. Trial by jury, verdict for plaintiff for $50 which was doubled by the court and judgment entered for $100 and defendant has appealed.

Error is assigned in the admission of testimony, in giving and refusing instructions, and misconduct of the trial judge in making certain statements to the jury.

It is first contended that a demurrer to the testimony should have been sustained for the reason that it is not shown that fire started by defendant destroyed plaintiff's property. The evidence shows that the premises of plaintiff and defendant are a mile or more apart and that defendant set out fire near his own premises one or two days before plaintiff's property was burned. Immediately after the destruction of plaintiff's property the ground between the premises of plaintiff and defendant was gone over and it was found that it had all been burned over from plaintiff's premises back to where defendant started the fire and that the fire which destroyed plaintiff's property had come from the direction of defendant's premises. We think this sufficient to take the case to the jury on that issue.

Defendant admitted that he had set out fire two days before plaintiff's property was destroyed but contended that he did it for the purpose of burning around his own premises in order to protect them and that he and his servants had extinguished the fire before leaving it. Witnesses on behalf of plaintiff were

permitted to testify that one Jesse Lewis who had assisted defendant in trying to control the fire, and who had been left in charge of part of it by defendant, stated to them in a few days after the fire that he did not know plaintiff had a field down the ridge there and if he had known it he would not have permitted the fire to go down there. This is assigned as error on the ground that the statements of Lewis would not bind defendant. If this were a correct statement of the facts appellants position would be correct but we learn from respondents additional abstract that the testimony of these witnesses as to what Lewis said was for the purpose of impeachment after a proper foundation had been laid and it was therefore admissible.

During the cross-examination of one of plaintiff's witnesses the court made the following remark in the presence of the jury. "I don't think going over the same ground so much does any good. I suppose that the jury knows more about forest fires than any of the witnesses that are testifying or any of the attorneys in the case." This remark was wholly improper for it was an invitation to the jury to use their own knowledge of forest fires in determining the issues in the case rather than the testimony of the witnesses.

At the close of the case and after reading the instructions to the jury, the court informed the jury orally that if they found for plaintiff the law would require him to double the damages and that the jury might take that fact into consideration in arriving at their verdict. This was palpable error but it was error in defendant's favor for if it had any effect on the jury it was to cause them to assess less than the actual damages, and besides was misleading. When the jury were told that in arriving at their verdict they might take into consideration the fact that the court would be compelled to double whatever amount of damages they should assess should they find for plain-

tiff, the court was not only giving an oral instruction but it was erroneous as well. The plain duty of the jury was to determine from the evidence whether or not defendant was liable and if he was, to assess the actual damages, and in determining those questions they had no right to take into consideration the fact that under the law the damages were to be doubled. An instruction of that kind if given in writing, as all instructions are required to be given, would have been error against plaintiff for it would have informed the jury that if they saw fit to do so they could award plaintiff less than his actual damages. It was also an intimation from the court that if, in their judgment, the statute authorizing double damages was wrong they could correct it by allowing only one-half what the plaintiff was entitled to so that when it was doubled under the statute the defendant would not be required to pay more than actual damages. If plaintiff were complaining this would be reversible error but as to defendant it was error in his favor and he cannot complain.

Instruction number one for plaintiff was as follows:

"No. 1. The court instructs the jury that if you find from the evidence that the defendant, N. V. Stewart, intentionally set fire to the woods and grass on his own land or on the land not his own and that the fire so spread to the land and property of the plaintiff, W. W. Belk, and destroyed any part of the same, you will find the issues for the plaintiff in such sum as will reasonably compensate him for the loss of all property so burnt or destroyed, in a sum not to exceed two hundred and ten dollars.

"The court further instructs the jury that a man has the right to set fire around his property to protect the same, but in order to justify him in so doing, his property must be threatened by immediate danger

of being destroyed.'' The defendant asked and the court refused the following instruction:

"The court instructs the jury that if you find and believe from the evidence that the defendant set out fire to burn the leaves and grass on his own premises in order to protect his own property from forest fires, and used ordinary care to keep the fire from spreading to land of others and such fire escaped by accident to lands of another, defendant cannot be held to have willfully set fire to the woods within the meaning of Sec. 5433, Revised Statutes of 1909, and cannot be held liable for any damages caused by such fire.''

There seems to have been no controversy as to the fact that defendant had set out fire. He contended, however, that he put it out for the purpose of protecting his own property and with no intention that it should spread to his neighbors and injure them. The two instructions above set out present the two theories as to his liability under such circumstances. Plaintiff's instruction is based upon the proposition that if a farmer undertakes to burn around his own premises in order to protect them from a future forest fire only, then he is absolutely liable if the fire escapes and injures his neighbor unless he can show that his own property was in immediate danger of being destroyed. The instruction asked by defendant and refused by the court is bottomed upon the proposition that defendant had the right at any time to burn around his own premises for the purpose of protecting them against probable future forest fires. The statute under which this action is brought, Sec. 5433, Stat. 1909, is as follows: "If any person shall willfully set on fire any woods, marshes, or prairies, whether his own or not, so as thereby to occasion any damage to any other person, such person shall make satisfaction in double damages to the party injured to be recovered by civil action.'' As this section originally stood, the words, "Whether his own or not'' were

not in it and it was held by the Supreme Court in
Finley v. Langston, 12 Mo. 120, that a person was not
liable for damages caused by fire started on his own
premises and an intimation given that if the fire had
been started outside his own enclosure, yet, if it was
done for a lawful purpose and with no intention that
it should spread, he would not be liable except for
negligence. In Kahle v. Hobein, 30 Mo. App. 472, it
was held that a party burning logs and brush on his
own land was not liable for an accidental escape of
fire. In construing the statute and commenting upon
the change made in it by inserting the words, "Wheth-
er his own or not," the court said: "Formerly the
statute did not apply to a person setting fire on his
own farm but afterwards such provision was omitted
and it now applies whether the land on which the fire
was set is his own or not. But it must still be a will-
ful act to come within the terms of the statute; that
is, there must have been an intention to set fire to
the woods, marsh or prairie. In this case the inten-
tion was evidently to burn the brush piles and log
heaps resulting from the clearing. If this was defend-
ant's sole aim and the resulting fire was a misfortune
not foreseen or intended, the statute is not applicable
to his case." Then quotes at some length from Fin-
ley v. Langston, supra, to sustain the position taken.
This case was followed in Russell v. Keagen, 34 Mo.
App. 242.

In Catron v. Nichols, 81 Mo. 80, a farmer had
fired his own stubble field in order to prepare it for
cultivation. The fire escaped and destroyed his neigh-
bor's property. A common-law action for negligence
was brought and the court in discussing the ground
of liability said: "A farmer has the undoubted right
to set out a fire in order to prepare his land for culti-
vation and if he does so with the required degree of
care and prudently manages the same after it is set

out, he cannot be held liable for any accidental or unavoidable injury occasioned thereby.''

The mischief sought to be prevented by the enactment of this statute is the destruction of property which results from the wanton or reckless putting out of fires that by burning through woods or over marshes or prairies, may reach the property of another and destroy it; but it was not intended to hinder or obstruct the legitimate use of a man's own premises or to destroy his right to use all reasonable means for the protection of his own property. Willfully setting fire to woods, marshes or prairies, under the statute means setting the fire wantonly or with the intent that it shall be allowed to spread uncontrolled, and does not apply to a farmer who in the cultivation of his farm, or for the protection of his own property may, while using ordinary care, set out fire in the prosecution of his work intending to burn over only a limited space and with no intention to permit it to spread beyond his control. We can see no reason why a farmer may not legitimately protect his own property by burning the leaves and trash near it to prevent it from being burned by a forest fire which might occur in the neighborhood at any time. It is common knowledge that these forest fires are of frequent occurrence in the timber districts and to require a farmer to wait until his property was threatened with immediate danger of destruction before taking steps to protect it might, and often would, render his efforts to save his property unavailing.

We think the correct construction of this statute to be that if a person intentionally sets fire to the woods, marshes or prairie when there is no necessity to do it and with no intention to control it but shall wantonly or willfully permit it to spread uncontrolled and damages result, he is liable under the statute; but if he is engaged in some lawful pursuit and is using fire in a legitimate way and fire started by him

in that way spreads and damages result, the ground upon which recovery can be had against him is negligence in handling the fire, unless his conduct is so wanton that willfulness may be inferred therefrom. If it were true as claimed by defendant in this case that he put out the fire for the purpose of burning around his own premises in order to protect them from probable forest fires, he would not be liable at all unless he were guilty of negligence in putting out the fire as he did and at the time he did or in failing to properly control or extinguish it. If he were guilty of negligence only, the right of action would be a common-law action for negligence and not under the statute. To bring the case within the statute the element of willfulness must be present. That is the fire must be set out without any intent to control it or in the prosecution of some unlawful enterprise, or if the fire be put out in the pursuit of a lawful enterprise the conduct of the party must be such that willfulness may be inferred therefrom.

Instruction No. 1 for plaintiff was erroneous and the instruction asked by defendant should have been given. Judgment reversed and cause remanded. All concur.