S. O. MORRIS, Appellant, v. JOHN M. MATTINGLY, Respondent.

EMMA MORRIS, Appellant, v. JOHN M. MATTINGLY, Respondent.

Springfield Court of Appeals, February 28, 1920.

1. **APPEAL AND ERROR: On Review of Directed Verdict for Defendant, Only Plaintiff's Evidence Can be Considered.** On appeal from a judgment after directed verdict for defendant, the appellate court can look only to the plaintiffs' evidence to see whether it was sufficient to justify a judgment for them.

2. **FIRES: Evidence Sufficient to Show Setting of Fire Willful.** Evidence that defendant, between whom and plaintiff there was ill will, set a fire on his land close to plaintiff's woodland when a strong wind was blowing towards the woods, *held* sufficient to warrant the jury in finding that setting the fire was willful so as to entitled plaintiffs to double damages under Revised Statutes 1909, section 5433, though defendant claimed he started the fire to clear his land before the wind arose.

3. ————: **Intention in Setting Fire is Question for Jury.** Whether, the act of defendant in starting a fire close to plaintiff's land was willful is a question of fact to be determined by the jury from the surrounding facts and circumstances, notwithstanding defendant's denial of willful intent.

4. ————: **Evidence of Ill Will Between Parties is Admissible to Show Willfulness in Setting Fire.** In an action under Revised Statutes 1909, section 5433, for double damages for willfully setting fire to occasion damages to another, evidence of ill will by defendant against plaintiff was admissible on the issue of willfulness.

5. **WITNESSES: Evidence of Ill Will Between Parties Can be Considered in Determining Credibility.** Where both parties testified at the trial, evidence of ill will between them can be considered by the jury in determining their credibility as witnesses.

Appeal from Circuit Court of Butler County.—*Hon. John A. Gloriod*, Special Judge.

REVERSED AND REMANDED.

*Wilson Cramer* and *Henson & Woody* for appellants.

*Hon. Lew R. Thomason* for respondent.

FARRINGTON, J.—This is a suit brought under section 5433, Revised Statutes, 1909, providing for double damages if a person shall willfully set fire to any woods, marshes or prairies so as to occasion damages to another person. There were two cases filed in the circuit court, one by plaintiff S. O. Morris, and the other by his wife, Emma Morris, both against the defendant, in which petitions it is alleged that the defendant willfully set fire to brush, weeds and grass on his land which adjoined the land of Emma Morris; that it was done at a time when there was much combustible vegetation between the defendant's land where he set out the fire and plaintiffs' land, and that the same was done when the defendant knew that the fire would spread to plaintiffs' property. The claim for damages made by S. O. Morris was that the fire destroyed a corn crop which he was growing on his wife's land and he seeks damages for that. The same facts are set up in the petition filed by his wife, charging that her property was damaged in that trees were injured and destroyed and fencing was destroyed by the fire. By agreement of the parties the suits were consolidated and tried as one. It appears from the record that on the first trial of this cause in the circuit court Emma Morris recovered a judgment but her husband S. O. Morris did not. On motions filed by plaintiffs a new trial was granted. At the conclusion of the testimony on the second trial the court gave an instruction in the nature of a demurrer to the evidence and directed a verdict for defendant, judgments were entered accordingly, and it is from this that these appeals are taken.

The appellants complain of the action of the trial court in directing a verdict for the defendant, claiming that a prima-facie case was made which should have been submitted to the jury. Under these conditions we

can only look to the plaintiffs' evidence to see whether there was sufficient proof to have justified a judgment in plaintiffs' behalf had judgments been rendered in favor of them. If there is not sufficient evidence to have sustained a judgment in plaintiffs' favor, then the action of the trial court was correct otherwise it was erroneous. [Fiester v. Drozda, (Missouri Appeal) 185 S. Wl. 748; Perkins v. Kilpatrick (Missouri Appeal), 193 S. W. 876; Bingaman v. Hannah, 270 Mo. 611, 194 S. W. 276.]

On turning to plaintiffs' evidence we find that the defendant owned a farm which adjoined the farm of plaintiff, Emma Morris, on the north and west, and that immediately west of Emma Morris' farm was an old deadening where most of the trees had been cut and which was grown up in wild grass. Just east of this deadening on her land there was twenty-five or thirty acres of good timber standing, and east of this timber was a corn field which had been planted by S. O. Morris; that Mattingly's land which was called a deadening and the wooded land belonging to Emma Morris was covered with dry stuff such as leaves, brush and grass; that at the time the fire was put out by defendant, (quoting S. O. Morris, one of the plaintiffs) "it was an awful dry time when the fire occurred on November 22, 1917. The fire was started just west of my wife's land in the deadening. There was a little neighborhood road angling through the deadening which left a V-shaped piece of the deadening between the road and the woods. When the fire was set there was a strong wind blowing toward the east and the fire immediately spread to my wife's land, burned through the woods, killed the trees and burned up the fence and corn. It burned nine hundred feet of rail fence on the west side of the corn, one hundred and eighty-five feet on the north side and twelve hundred and thirty-eight feet of cross fence of slats, and about two hundred feet over on the river. I do not think that this strip of woods had been burned off for about fourteen years. The rail fence running down

through the woods was worth about forty-eight dollars and it was an outside fence that enclosed my crop. The picket fence was worth about thirty-two dollars. There was about sixty dollars worth of my corn destroyed by the fire." The same witness says that he noticed the fire about two or three o'clock in the afternoon.

The defendant admitted on cross-examination that his feeling toward Morris was bad, and that in November, 1917, his feelings toward him were not good. We think that under this evidence it could not be declared as unreasonable should a jury find that the act complained of was willful. It is true that the defendant testifies that he set the fire out at eight o'clock in the morning for the purpose of burning off his land and clearing it, and that at that time there was no wind and that later in the day the wind came up and spread the fire which occasioned the loss. The plaintiffs' evidence, however, as set out, shows that the defendant set out the fire close to plaintiffs' land at a very dry time, at a time when there was a high wind from his land toward the plaintiffs,' and at a time when he bore ill will toward one of the plaintiffs. Under the rule announced in the following cases, should the jury find that the act was willful, the defendant would be liable under the statute. [Finley v. Langston, 12 Mo. 120; Bolk v. Stewart, 160 Mo. App. 706, 142 S. W. 485; Yorger v. Weindel, 204 S. W. 744; Kahle v. Hobein, 30 Mo. App. 472.]

The defendant evidently recognized that to have set out a fire under the conditions and time as sworn to by the plaintiff would tend to show a willful act, and his testimony undertakes to explain his conduct by saying that at the time the fire was put out by him there was no wind blowing and no apparent danger of causing any damage to plaintiffs' land. "It being admitted in this case that the defendant did set out the fire, the only issue of fact to be determined was, what was defendant's intention. Was it willfully done, or so wantonly done that willfulness could be inferred,

that plaintiffs' property might be destroyed, or was his intention merely to clear his own land and that through an accidental unforseen cause the fire spread to plaintiffs' property and destroyed it. His intention or his motive for setting out the fire is the issue of fact to be determined, and it is this one fact when determined that will either make him responsible or not responsible under the section of the statute upon which the cause is based. The intention or motive or frame of mind under which the conceded act was done is always to be determined from the circumstances surrounding the case. Courts and juries cannot look into the mind of a man and see exactly what was the cause, motive or intention of a given act; they can only arrive at a conclusion when that is an issue from the circumstances and surrounding conditions and frame of mind under which the act was done."

Convinced that there is some evidence in the case to sustain the charge in the petition, the judgment must be reversed and the cause remanded for a new trial. On examining the record, we find that the plaintiffs were denied the right by the trial court to show that the feeling between S. O. Morris and defendant had for a number of years been bad and was so at the time of the fire, and that the defendant had for a number of years been an enemy of plaintiff S. O. Morris. We think the court erred in excluding this testimony as it was relevant to the issues being tried. It is said in Jones on Evidence, sec. 138 (quering from Stephen), "When there is a question whether an act was done by any person, the following facts are deemed to be relevant, that is to say—any fact which supplies a motive for such an act, or which constitutes preparation for it; any subsequent conduct of such person apparently influenced by the doing of the act, and any act done in consequence of it or by the authority of that person. For this purpose it is often competent to prove the malice or state of mind of a party, his mode of life, character or financial condition, when

204 M. A.—43

otherwise such testimony would have no bearing upon the issues.''

It is held in the case of State v. Dickson, 78 Mo. 438, that expressions of ill will toward one who shortly afterwards is killed are competent as presumptive evidence of guilt. [See also State v. Graham, 46 Mo. 490, and State v. Post, 181 S. W. 1057.]

In the case of Cookman v. Nill, 81 Mo. App. 297, brought under the same section of the statute as the case at bar, it was held that in the absence of any spite or ill will existing between plaintiff and defendant in that case, there was nothing in the case to indicate a willful disregard of the rights of the plaintiff, clearly showing that evidence of ill will in such cases is competent evidence.

We are at some loss to understand why the defendant would object to this testimony, because if ill will existed between these parties it would be a matter for the jury to consider in determining the credibility to be given to the testimony of both the plaintiffs and defendant. The judgment will be reversed and the cause remanded for a trial to be had in accordance with the views herein expressed.

*Sturgis, P. J.,* and *Bradley, J.,* concur.